**NEALE, Inc., et al. v. McCORMICK et al., District Judges.**

Circuit Court of Appeals, Ninth Circuit. May 9, 1927.

No. 5112.

Patents ⬅314—District Court judges did not exceed powers in ordering hearing of certain patent cases before master to relieve congested calendars (equity rules 46, 59).

District Court judges *held* not to have exceeded powers or to have violated equity rules 46 and 59 in ordering hearing of certain patent cases before master because of congested condition of calendars precluding an early hearing before court, in view of showing that patent cases had received fair proportion of time and that exceptional conditions required orders of reference to be made.

Original application for mandamus by Neale, Inc., and others against Paul J. McCormick and others, Judges of the United States District Court for the Southern District of California. Petition denied.

Samuel E. Darby, Jr., of New York City, Frank L. A. Graham, of Los Angeles, Cal., and F. Eldred Boland, of San Francisco, Cal., for petitioners.

Samuel W. McNabb, U. S. Atty., and J. Edwin Simpson, Asst. U. S. Atty., both of Los Angeles, Cal., for respondent Judges.

Frederick S. Lyon and Lyon & Lyon, all of Los Angeles, Cal., for Electrical Products Corporation.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. The petitioners seek an order to show cause why mandamus should not issue to the judges of the United States District Court for the Southern District of California. The petitioners allege that they are the defendants in two certain suits for infringement of patents pending in said District Court; that the judges of that court have announced their intention to refer all patent cases to a standing master in chancery; that in accordance with that declared intention they have so referred most of the cases involving patent rights, and each and every such reference has been made over the objection of counsel for one or all parties litigant; that in the two causes above referred to the defendants objected to the said order of reference, for the reason that they were thereby deprived of the right secured to them under equity rule 46, to have the testimony of witnesses taken in open court, and the right secured to them under equity rule 59, whereby they are protected against a reference, except upon a showing that some exceptional condition requires it; that there was no showing made that the court below could not at a conveniently early date try said causes, or that any exceptional conditions required a reference; that the only causes which have been referred to a master in chancery in said court since July 12, 1926, have been patent cases, and that such references were made without warrant and arbitrarily against litigants in patent cases; that, even if an exceptional condition existed at the time when such orders of reference were made, such condition has now passed, in view of the failure of the Deficiency Appropriation Bill to provide funds for witnesses and jurors, resulting in the discontinuance of the trial of jury cases.

The petition further alleges that on March 24, 1927, the master in chancery set the petitioners' said cases for hearing before him on April 5, 1927, without prior notice to petitioners, and without giving them an opportunity to prepare for said trial; that they applied to the master for a continuance, which application was denied; that they thereupon made application to the District Court for an order vacating the orders of reference and the master's order setting said causes for hearing, which motions were de-

nied. The prayer of the petition was that a rule be issued to said judges to show cause why mandamus should not issue directing them to place the said causes on the calendar of the said District Court for hearing, and that a restraining order be issued staying further proceedings in said causes before the master in chancery.

The judges of the court below each answered the petition, and each denied that there was any agreement or understanding that patent cases should be referred to a master in chancery. They alleged that since July 12, 1926, the date referred to in the petition, approximately one-fifth of the time available for trial of causes in that court had been devoted to patent cases, and that none were referred to the master in chancery, except in instances where the court had no available time to try the same; that such references have been made only where agreed to by counsel, or where one of the parties requested that an early trial be had, as necessary for the protection of interests involved.

From the affidavits for and against the petition we find that in the period so referred to ten of the cases involving patent rights pending before the said District Court have been tried before the court; that seven were by stipulation of counsel referred to the master in chancery; that fourteen were so referred on the motion of one party, the opposing party not objecting; that nine were referred over the objection of one party; and that, of the petitioners' two cases mentioned in the petition, one was referred without objection from either party and that the reference of the other was objected to by the defendant. We find, also, that there was no agreement or understanding between the judges that patent cases should be referred to the master in chancery, and that such a purpose has never been announced; that the cases in which the petitioners are involved would probably require at least two weeks for trial; that because of the congested condition of the calendars of said judges said patent cases could not have been given an early hearing before the court; that patent cases have received a fair and equitable proportion of the time of said judges; that the congested condition which existed at the time of said orders of reference still exists; and that exceptional conditions required that said orders of reference be made. Under the facts as they are disclosed we are not convinced that the action of said judges in ordering the hearing of said equity cases before the master has been inconsistent with the princi-

ples declared in Los Angeles Brush Co. v. James, District Judge, 272 U. S. 701, 47 S. Ct. 286, 71 L. Ed. ——, or that said judges have transcended the limits of their powers as defined in that decision, or have failed to realize the importance of compliance with equity rules 46 and 59.

The petition is denied.