**In re PREVIN et al.**

United States Court of Appeals
First Circuit.
May 20, 1953.

Stanley H. Rudman, Joseph Schneider and Schneider, Reilly, Rudman & McArdle, all of Boston, Mass., for petitioners.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

We have before us a motion for leave to file a petition for a writ of mandamus, under 28 U.S.C. § 1651, directed to Hon. George C. Sweeney, Chief Judge of the United States District Court for the District of Massachusetts.

On July 28, 1952, petitioners filed in the district court a complaint sounding in tort, seeking recovery of $202,549 compensatory damages and $100,000 punitive damages in consequence of an elaborate fraud and conspiracy alleged to have been practiced by the named defendants and others. Federal jurisdiction was based upon diversity of citizenship. The defendants filed their answer to the complaint on September 5, 1952.

Rule 38(b), Fed.Rules Civ.Proc. 28 U.S. C., provides: "Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party." No demand for a jury trial was indorsed by the plaintiffs upon their complaint, nor by the defendants upon their answer. On December 8, 1952, the clerk called the attention of counsel to the fact that no claim for jury trial had been filed.

On February 20, 1953, more than five months after the filing of the answer, the plaintiffs filed in the district court a motion asking the court in its discretion, pursuant to Rule 39(b), to order a trial by jury of all the issues in the case. Rule 39(b) provides: "Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been

made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." Affidavits were filed by the plaintiffs in support of their motion and by the defendants in opposition. The opposing affidavit challenged the claim of plaintiffs that their failure to make seasonable demand for a jury trial was an oversight. It asserted that in the intervening months after the answer had been filed, defendants had taken various depositions on the assumption that the case was going to be tried to a judge without a jury. It further asserted that due to the technical nature and ramifications of proof to be anticipated, it would be preferable to have the case tried by the court without a jury; that the length of the trial would thereby be materially shortened. The affidavits of the respective parties were in conflict at many points. On March 31, 1953, Judge Sweeney denied the plaintiffs' motion under Rule 39(b).

The order denying this motion was obviously interlocutory in character. It was not one of the few types of interlocutory decisions which may be immediately reviewed upon appeal to this court under 28 U.S.C. § 1292. Nevertheless, petitioners would have us review the order under the "all-writs" section of the Code, 28 U.S.C. § 1651(a), reading: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." It is asserted that the order denying plaintiffs' belated claim for a jury trial was improper and constituted an abuse of discretion, wherefore we are asked to issue a writ of mandamus commanding Judge Sweeney to grant to the petitioners a jury trial.

▆ Petitioners are no doubt aware from our recent opinion in In re Chappell & Co., Inc., 1 Cir., 1953, 201 F.2d 343 that applications of this sort meet with a very inhospitable reception in this court. We have rejected the notion that 28 U.S.C. § 1651 is a substantive grant to us of jurisdiction to review in our discretion any unappealable interlocutory decision which we may think it would be desirable to review at once, without waiting for an appealable final decision below. The basic purpose of § 1651, and of its statutory predecessors, was to assure to the various federal courts the power to issue appropriate writs and orders of an auxiliary nature in aid of their respective jurisdictions as conferred by other provisions of law. It is recognized that there may be appropriate circumstances for the exercise of power under 28 U.S.C. § 1651, both in cases where our appellate jurisdiction has already attached and in cases where we have merely a potential appellate jurisdiction to review a final decision not yet rendered. An instance of the former is Price v. Johnston, 1948, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356, where the court of appeals had jurisdiction of a pending appeal in a habeas corpus case, and it was held that that court had power under the all-writs section to issue a writ in the nature of a writ of habeas corpus to enable the petitioner to appear before the court to argue his case *pro se*. McClellan v. Carland, 1910, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762, is an instance of the second sort, where the court of appeals was held to be empowered to direct the lower court to vacate a stay order which might have had the effect, if left standing, of frustrating a potential appellate jurisdiction in the court of appeals to adjudicate the question involved.

In the present case the order of Judge Sweeney, whether right or wrong, does not in any way tend to frustrate or impede our exercise of eventual appellate jurisdiction under 28 U.S.C. § 1291 to review a final decision in the case, on which appeal we would of course review any interlocutory orders, including an order denying a motion for a jury trial, in so far as they might have affected the validity of the final judgment. It is perfectly obvious that our potential jurisdiction is not now in need of any "aid".

Petitioners make the point that our decision in the Chappell case, supra, involved just the reverse of the situation here presented. There the petitioner who was seeking to have us review an unappealable interlocutory order did not want a jury trial; we were asked to direct the district judge

to strike defendant's demand for a jury trial and to transfer the case to the non-jury calendar. Here, petitioners want a jury trial, and ask us to direct the district judge to grant a jury trial under his discretionary authority pursuant to Rule 39(b), despite petitioners' failure to make seasonable demand for a jury trial. As an additional consideration in support of our conclusion in the Chappell case, we pointed out that even if the jury should bring in a verdict for the defendant and if the plaintiff should take an appeal from a final judgment entered thereon, claiming that the disputed issues of fact should have been determined by the trial judge without a jury, "the appellate court, if it found error in this regard, would not necessarily have to order a retrial of the case; it might reverse the judgment and send the case back with direction to the district judge who heard it with a jury to make the findings of fact himself on the basis of the evidence taken at the previous trial at which he presided." 201 F.2d at 346. That particular consideration is not applicable in the instant case, which presents the converse situation; but the consideration was only a makeweight, and not the decisive ground of our determination not to allow a piecemeal review. We further observed that many types of interlocutory rulings by a district court, if erroneous, may require a court of appeals to set at naught a lengthy trial, upon ultimate review of the final decision in the case; nevertheless, the congressional policy against allowing piecemeal appellate review in such cases has been adhered to, except for the limited types of interlocutory orders covered by 28 U.S.C. § 1292.

In the present case we do not even have presented a serious question of law whether the nature of the issues raised by the complaint and answer was such that the plaintiffs were entitled to demand a jury trial as of right. No doubt they had such right, if they had made demand as required by Rule 38(b). The only question sought to be presented is whether the district judge abused his discretion in not granting a motion for a jury trial made under Rule 39(b) many months after the period within which a jury trial might have been demanded as

a matter of right. Under the circumstances above outlined, it certainly is not manifest that the district judge committed an abuse of discretion in denying the motion. Indeed, if and when the case comes before us on appeal from a final decision below, the present petitioners will have a heavy burden to persuade us that the district judge's order of denial constituted an abuse of discretion. Cf. Wilson v. Corning Glass Works, 9 Cir., 1952, 195 F.2d 825; Moore v. United States, 5 Cir., 1952, 196 F.2d 906. So that even if it be assumed that we have a present discretion in the matter under 28 U.S.C. § 1651, we say with confidence that the petition presents no extraordinary or compelling situation which should move us to review the challenged order at this time.

The motion for leave to file a petition for a writ of mandamus is denied.