**In re SYLVANIA ELECTRIC PRODUCTS Inc., Movant (Petitioner).**

**No. 4948 Orig.**

United States Court of Appeals, First Circuit.

March 16, 1955.

———◆———

Warren F. Farr, Boston, Mass., John Hoxie and J. Albert Hultquist, New York City, and Ropes, Gray, Best, Coolidge & Rugg, Boston, Mass., for movant (petitioner).

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

We have before us a motion for leave to file a petition under 28 U.S.C. § 1651 for a writ of mandamus directed to Hon. George C. Sweeney, Chief Judge of the United States District Court for the District of Massachusetts.

In January, 1954, Edwin H. Armstrong filed a complaint in the district court under the patent laws of the United States, charging Sylvania, petitioner herein, with infringement of three separate patents. Armstrong sued as patentee and owner of U. S. Letters Patent No. 1,941,066 and No. 1,941,069, both issued December 26, 1933, and Reissue Patent No. 21,660, reissued December 17, 1940. Since Nos. 1,941,066 and 1,941,069 had expired prior to the filing of the complaint, Armstrong sought only damages for the alleged infringement of these two patents while they were still outstanding. As to Reissue Patent No. 21,660, the complaint sought not only damages for past infringements but also an injunction against future infringements.

Edwin H. Armstrong, the patentee, died on February 1, 1954. On January 11, 1955, his executrix filed in the district court a "Suggestion of Death and Motion for Substitution", in which she moved that she be substituted as party plaintiff in such action. This motion for substitution was opposed by Sylvania, in so far as the complaint was based upon alleged infringement of Nos. 1,941,066 and 1,-941,069, upon the contention that claims for damages for infringement of patents that had since expired do not survive the death of the patentee and cannot be prosecuted by his legal representative. Rejecting this contention, Judge Sweeney on February 3, 1955, entered an order allowing said motion for substitution in full.

This order of February 3, 1955, was obviously only interlocutory in character; and petitioner concedes that it did not fall within any of the exceptional categories of interlocutory orders made immediately appealable by 28 U.S.C. § 1292. Nevertheless, we are asked to review this order in a mandamus proceeding, and to issue a writ directing Judge Sweeney (1) to vacate his order entered February 3, 1955, (2) to allow substitution of the executrix only for the purpose of prosecuting the claim for infringement of Reissue Patent No. 21,660, and (3) to deny substitution of said executrix in so far as she seeks to prosecute claims for infringement of the two expired patents. Authority for this extraordinary action circumventing the statutory scheme for appellate review is said to rest on 28 U.S.C. § 1651(a) reading: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

 In several recent cases we have done what we could to discourage the loose filing of applications to us under 28 U.S.C. § 1651. In re Chappell & Co., Inc., 1 Cir., 1953, 201 F.2d 343; In re Previn, 1 Cir., 1953, 204 F.2d 417.; In re Josephson, 1 Cir., 1954, 218 F.2d 174. In the last-named case we said, 218 F.2d at page 177:

"Contrary to the view which seems to have been occasionally taken, or at least *sub silentio* assumed, in other courts of appeals, we do not think that 28 U.S.C. § 1651 grants us a general roving commission to supervise the administration of justice in the federal district courts within our circuit, and in particular to review by a writ of mandamus any unappealable order which we believe should be immediately reviewable in the interest of justice."

 The Congress, following what it deemed to be a proper policy against allowing piecemeal appellate review, has in general provided, with a few exceptions not now relevant, for judicial review on appeal only of "final decisions" of the district courts. As we pointed out in the Chappell case, supra, 201 F.2d

at page 345, "many types of interlocutory rulings by a district court, if erroneous, may require the court of appeals to set at naught a lengthy trial, upon ultimate review of a final decision in the case. Such, for example, might be an order denying a motion to dismiss an indictment or a complaint, or a ruling admitting or excluding evidence. Nevertheless, the policy against allowing piecemeal appellate review in such cases has been adhered to. See Roche v. Evaporated Milk Ass'n, 1943, 319 U.S. 21, 30, 63 S.Ct. 938, 87 L.Ed. 1185."

██ In the present case, even if we were free to disregard the statutory scheme, there seem to be reasons enough why we should adhere to the general congressional policy against piecemeal review. In the first place, it might turn out that Judge Sweeney's interlocutory order was correct. Compare Barnes Coal Corp. v. Retail Coal Merchants Ass'n, 4 Cir., 1942, 128 F.2d 645. In that event the only effect of a review by us now of this interlocutory order would be to delay the trial of the case below. In the second place, a trial of the patent suit might result in a judgment for the defendant, on issues of non-infringement or invalidity; in which case Sylvania would have no occasion to take an appeal to us from such final decision. In the third place, even if we should now be persuaded to issue a writ of mandamus as prayed for, it would not obviate the necessity of a trial in the district court, though it would of course restrict the issues therein.

Petitioner points out that the complaint before Judge Sweeney is one of fifteen parallel patent actions, in seven different districts and five different circuits, brought by Armstrong against various radio manufacturers for damages for alleged infringement of the two expired patents involved in the present case; that long before we could in the normal course review Judge Sweeney's interlocutory order, upon appeal from a final decision below, his ruling would probably be taken in other districts "as a precedent of unusual force". Further

petitioner suggests that it would be "in aid of this Court's appellate jurisdiction to avoid an exercise of that jurisdiction under circumstances where one possible result—a reversal of the ruling below—would cause a disturbing effect upon the work of other courts, and where other courts must in the interim give that ruling its due force as a precedent while being unsure of its ultimate force when subjected to the appellate jurisdiction of this Court"; that to review Judge Sweeney's ruling on appeal from a final decision, "after a number of courts in parallel actions have already adopted that ruling and have proceeded to a stage at which reversal by this Court would lead to undoing much of the work already done, will place this Court in a position in which those factors would pose some difficulty, even though we assume that, if this Court should be convinced of error in the ruling below, it could surmount that difficulty."

We are unimpressed by the foregoing suggestion. If petitioner is so sure of its legal point as it professes to be, it may be that if and when the question ultimately reaches this court upon appeal from a final decision, other courts, either district courts or courts of appeals, will have ruled upon the point in conformity with the contention of petitioner. It is entirely speculative what the climate of opinion might be at some time in the future when we may have to rule upon the point—if we ever do—in the exercise of our normal jurisdiction. To us it is an entirely novel idea that we could appropriately use 28 U.S.C. § 1651 in order to jump in and rule on a point of law before other courts have had a chance to pass on it in parallel litigation. As already indicated, this case may never reach us on appeal from a final decision. However that may be, it is clear enough that our merely potential appellate jurisdiction stands in no need of extraordinary "aid" from us at the present time.

An order will be entered denying leave to file the petition for a writ of mandamus.