In re NARRAGANSETT PIER AMUSE-
MENT CORPORATION et al.,
Movants (Petitioners).

No. 5006.

United States Court of Appeals
First Circuit.

June 30, 1955.

George S. Ryan, W. Bradley Ryan, Boston, Mass., Max Winograd, Irving Winograd, and Milton Stanzler, Providence, R. I., for movants (petitioners).

Arthur E. Whittemore, Robert W. Meserve, John R. Hally, Nutter, McClennen & Fish, Boston, Mass., Matthew W. Goring and Hinckley, Allen, Salisbury & Parsons, Providence, R. I., for Loew's Theatre and Realty Corp. et al., intervenors opposing motion.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

The application now before us concerns eight related cases, involving antitrust issues, pending in the United States District Court for the District of Rhode Island, which cases have been consolidated for jury trial by interlocutory order of the district court.

On June 2, 1955, Judge Day, United States District Judge for the District of Rhode Island, entered an order referring these eight cases to a master "to hear the parties and their evidence and find and report the facts, as to all issues in each such case together with such questions of law as any party may request." Preceding the operative terms of the order of reference, Judge Day included a recital giving his reasons therefor, as follows:

"This matter came on for hearing on the question of reference to a master under Federal Rules of Civil Procedure No. 53 [28 U.S.C.A.] of all or certain parts of Civil Action Nos. 870–4, 974, 981, 982 and was

argued by the parties and upon consideration therof, it appearing that in these cases consolidated for jury trial the issues are complicated beyond those in the generality of case-es in this district, involving as they do claims of underreported grosses on percentage pictures of eight distributors over a period of six years at some or all of four theatres and consequent loss of other revenues as to at least two distributors, and also involving claims of conspiracy in violation of the Sherman Act [15 U.S.C.A. §§ 1–7, 15 note] to do a number of acts causing damage to the owners or operators of said four theatres, over periods of up to seventeen years, with the parties at issue over large numbers of transactions and over the correct results of the operation of each of the theatres involved insofar as such results may relate to issues in both the fraud and the antitrust cases * * *."

■ This order of June 2, 1955, is only interlocutory in character; and it cannot now be reviewed by this court by the normal process of appeal. See 28 U.S.C. §§ 1291, 1292. However, a motion is pending before us for leave to file a petition under 28 U.S.C. § 1651 for a writ of mandamus directed to Judge Day, in which proceeding we are asked to review this unappealable order of June 2, 1955, and to direct Judge Day to vacate the same and to grant a motion filed in the district court by the present movants to restore the actions to the trial list without reference of any issues to a special master.

■ Upon consideration of the motion for leave to file, and movants' memorandum in support thereof, together with the proposed petition for writ of mandamus annexed thereto; and upon consideration also of the brief of the intervenors herein in opposition to the pending motion; and it appearing to the court that no exceptional circumstances are present which would necessitate, or render it appropriate for, an anticipatory review of the unappealable order of June 2, 1955, by way of "aid" to our purely potential jurisdiction to review any eventual final decisions which may be rendered by the district court in these eight pending cases, it follows that the motion must be denied. We thought we had sufficiently indicated our attitude toward applications of this sort under 28 U.S.C. § 1651 in a number of recent cases. See In re Chappell & Co., Inc., 1 Cir., 1953, 201 F.2d 343; In re Previn, 1 Cir., 1953, 204 F.2d 417; In re Josephson, 1 Cir., 1954, 218 F.2d 174; In re Sylvania Electric Products Inc., 1 Cir., 1955, 220 F.2d 423.

An order will be entered denying the motion for leave to file petition for writ of mandamus.