HOWES LEATHER COMPANY, Inc. and Montgomery Ward & Co., Incorporated, Petitioners,

v.

Honorable Walter J. LA BUY, Respondent.

HOWES LEATHER COMPANY, Inc., Petitioner,

v.

Honorable Walter J. LA BUY, Respondent.

Nos. 11472, 11473.

United States Court of Appeals Seventh Circuit.

Oct. 13, 1955.

Rehearing Denied Nov. 17, 1955.

Major, Circuit Judge, dissented.

Jack I. Levy, John F. McClure, Chicago, Ill., for petitioners.

James A. Sprowl, Edward H. Hatton, Chicago, Ill., for respondent.

Before DUFFY, Chief Judge, and MAJOR and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

These causes are before us on separate petitions seeking writs of mandamus directing the Honorable Walter J. La Buy, Judge of the United States District Court, to vacate orders entered February 24, 1955, referring two related civil cases then pending before him to a master for trial.

At the outset, we are met with the contention that we have no jurisdiction to entertain these petitions, inasmuch as the pertinent orders are interlocutory in character. The argument is that the extraordinary procedures permissible under the All Writs Act, 28 U.S.C.A. § 1651, may not be employed as a device for review of such orders in advance of final decision.

We see no reason to depart from our recent holding in Chicago, R. I. & P. R. Co. v. Igoe, 7 Cir., 212 F.2d 378, that we have the power, in extraordinary cases, to entertain a petition for a writ directing a district judge to vacate an unauthorized interlocutory order in advance of final decision. There we relied on a series of decisions by the courts of other circuits of which Paramount Pictures v. Rodney, 3 Cir., 186 F.2d 111, certiorari denied 340 U.S. 953, 71 S.Ct. 572, 95 L.Ed. 687, Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, certiorari denied 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624, and Wiren v. Laws, 90 U.S.App.D.C. 105, 194 F.2d 873, are representative. All of these cases involved the question of whether mandamus would lie to review an order entered on a motion under 28 U.S.C.A. § 1404(a), to transfer a pending case to another district for trial. To this array of authorities we now add In re Josephson, 1 Cir., 218 F.2d 174.

Our attention is directed to In re Narragansett Pier Amusement Corp., 1 Cir., 224 F.2d 231, and we are urged to reconsider the jurisdictional question in the light of that opinion. In Narragansett, which is the most recent of a series of decisions by the Court of Appeals for the First Circuit dealing with mandamus, the court denied leave to file a petition for a writ to compel a district judge to vacate an order referring eight related antitrust cases to a master for trial. The basis for the court's decision was its finding that "no exceptional circumstances" existed to justify invocation of mandamus jurisdiction.

As we analyze the decisions which that court has made in this series of cases, we do not believe its position is basically incompatible with our decision in the Rock Island case. The First Circuit recognizes that it has jurisdiction to entertain petitions for extraordinary writs directed toward review of interlocutory orders of the district courts, wherever exceptional circumstances exist which justify use of the procedure. Such is the tenor of the language employed by that court in: In re Narragansett Pier Amusement Corp., 1 Cir., 224 F.2d 231; In re Sylvania Electric Products, Inc., 1 Cir., 220 F.2d 423; In re Previn, 1 Cir., 204 F.2d 417; In re Chappell & Co., Inc., 1 Cir., 201 F.2d 343. And in In re Josephson, 1 Cir., 218 F.2d 174 the court did entertain a petition for the writ. There the petitioner was plaintiff in a civil action brought in Massachusetts against a New Mexico corporation having its principal place of business in Massachusetts and the corporation's directors, all of whom were residents of that State. After process had been served, the court granted defendants' motion under 28 U.S.C.A. § 1404(a) and ordered the cause transferred to New Mexico for trial. Josephson was granted leave to file a petition in the Court of Appeals for a writ of mandamus. In ruling on the petition, the court reviewed in some detail the history of the mandamus power in both the Supreme Court and the Courts of Appeals and reiterated its belief that the power vested in the latter is extremely limited. The court, however, concluded that it was faced with exceptional circumstances sufficient to justify exercise of the power and proceeded to a consideration of the petition on its merits.

Thus, on the naked question of power, there seems to be no disagreement between this court and that of the First Circuit. However, we differ with the able jurists of that circuit in evaluating the exceptional nature of the circumstances sufficient to endow the court with the power. Compare Chicago, R. I. & P. R. Co. v. Igoe, 7 Cir., 220 F.2d 299, with In re Josephson, 1 Cir., 218 F.2d 174, 181. To this extent and on this basis, we feel constrained to disagree with the decision in the Narragansett case. The basis for that decision is the view that if the issue as to the propriety of the interlocutory order may eventually reach the appellate tribunal by appeal after final judgment on the merits, then jurisdiction is wanting to test its propriety by mandamus in advance of a trial and final decision. Under such a view, it is immaterial whether or not any effective or adequate relief from an unauthorized order is possible by way of appeal from the final judgment.

This is a much more restricted position than that which we voiced in the Rock Island case, 7 Cir., 220 F.2d 299. Assuming the challenged orders to be beyond the governing rule, respondent's action in referring these cases to a master is, in effect, a refusal on his part, as a judge, to try the causes in due course, rather than referring them to a tribunal which is unauthorized by law. Unless we have power to decide the question of propriety of his action at this time, petitioners are faced with the necessity and great expense of protracted trials which conceivably may eventually lead nowhere but to a complete retrial of the causes before a competent tribunal. While we recognize that there is a doubtful area surrounding the dividing line between the power of this court and its lack of

power to issue the writ, in view of the extraordinary nature of these causes, we think that any doubt must be resolved in favor of the existence of the power to issue the writ, if we find that the orders were beyond the court's power under the pertinent rule. See Chicago, R. I. & P. R. Co. v. Igoe, 7 Cir., 212 F.2d 378, 381; Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, 330.

Upon the merits of the petitions, then, we are concerned only with the question of whether the contested orders are in conformity with the provisions of Rule 53(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Petitioners in No. 11472 are defendants in a civil action instituted in the court below entitled "William Rohlfing, et al. v. Cat's Paw Rubber Co., et al.," No. 50–C–229. Petitioner in No. 11473 is defendant in a similar action pending below entitled "Norman P. Shaffer, et al., v. United States Rubber Co., et al.," No. 50–C–884. Each cause is assigned to the calendar of Judge La Buy for trial.

The averments of each petition are substantially identical, and the following statement of fact, taken from the petition in No. 11472, controls disposition of both petitions. The Rohlfing case, from which this action stems, was instituted by a complaint filed by 87 independent shoe repairmen against petitioners and others, praying equitable relief and damages by reason of defendants' alleged violations of the antitrust laws.

The cause came on for trial on February 23, 1955. Judge La Buy suggested that it be referred to a master for trial and, on the following day, over the objections of petitioners, entered an order of reference. The essence of the order follows: "The Court, being confronted with an extremely congested calendar, and finding that exceptional conditions exist for this reason, is of the opinion that this case can be more adequately and intelligently presented to the Court for ultimate disposition by reference to a master." On April 29, all parties to the action moved to vacate the order.

These motions were denied May 6, 1955. On May 18 the parties appeared before the master, pursuant to notice, for trial of the cause. At this time all the parties presented objections to the reference. On May 20, the master ruled that the cause would proceed to trial before him; whereupon petitioners filed their petition in this court praying that a writ of mandamus issue to compel Judge La Buy to vacate the order and to direct trial of the cause to proceed before the court.

The only material factual difference between No. 11472 and No. 11473 is that the Shaffer case (No. 11473) had not been called for hearing before the master prior to the date when the petition for writ of mandamus was filed. Under the circumstances recited in these petitions, however, the same principles and considerations are determinative of the question of the propriety of the order of reference in each case.

Rule 53(b) provides that: "A reference to a master shall be the exception and not the rule. In actions to be tried by a jury, a reference shall be made only when the issues are complicated; in actions to be tried without a jury, save in matters of account, a reference shall be made only upon a showing that some exceptional condition requires it." In support of his action, respondent outlines the complexity of these cases in which the court must determine the question of liability of each of the several defendants to each of the plaintiffs and the element of accounting which must enter into the final judgment. He asserts that consideration of these factors, together with the fact that he is faced with an extremely congested calendar, brings the cases within the "exceptional condition" proviso of the Rule, and that the orders for reference constitute, therefore, an exercise of a sound discretion which this court should not disturb.

Our exact question, then, is whether the facts presented in justification of the orders of which complaint is made, as a matter of law, bring the orders of reference within the exceptional

circumstances mentioned in the rule. In other words, has the district court failed to conform to the rule of civil procedure prescribed by the Supreme Court. This is a question of law dependent upon the pleaded facts. Mere error of law in a decision upon the issues presented to the court, of course, is not ground for mandamus. But if the facts upon which the judge relied in entering the order are wholly insufficient to justify nonconformance with the rule, then the action of the judge in entering the order, over the objection of all parties concerned, must be held so arbitrary and extraordinary as to justify issuance of the writ.

[redacted] Measured by these tests, we do not believe respondents' position tenable. Although evidence in the nature of accounts may have a substantial bearing on the issue of liability, the element of accountancy, in the sense intended in the "account" provision of the Rule, which these cases contain can not arise until the issue of liability has been resolved. The rule refers to the subject matter of the controversy, not to the nature of the evidence which may be introduced in the course of a trial. It provides a blanket permit for reference of any accounting, see Troyak v. Enos, 7 Cir., 204 F.2d 536, 544–545, but, even as to matters of account, we agree with the belief expressed in Barrick v. Pratt, 5 Cir., 32 F.2d 732, 733–734, that a reference need not follow automatically in every case. The Rohlfing and Shaffer cases, in their present status, before trial has been had on the question of liability, are not "matters of account." Indeed, if the court finds that defendants are not liable, there will never be an accounting. The reference cannot be sustained under the "account" proviso, and the prospective accounting issues may not be relied on to prove exceptional circumstances. "This is not an accounting, but the case is exceptional because an accounting may be necessary and because some of the evidence bearing on the issue of liability may be relevant also to the issue of accounting should that prospective issue arise" is an argument which seeks to expand the positive permissive accounting proviso of the Rule to include any and all issues which may bear even a remote relationship to a question of an accounting. That, essentially, is the argument made here which we find ourselves unable to accept.

The substance of the remaining contentions is that the issues presented are complex; that the judge is confronted with a congested calendar; that reference to a master will facilitate a speedy trial and disposition of the causes, and that it cannot be said that the judge abused the discretion vested in him by the Rule in entering the orders complained of.

There is an element of discretion inherent in the last clause of the Rule, i. e., the trial court must determine in each case whether "exceptional conditions" exist which will authorize a reference. When these orders are tested in the light of the interpretation placed on the Rule by the Supreme Court and the Courts of Appeals, we can only conclude that the orders complained of are beyond the permissive scope of the rule, and constitute an abuse of discretion. Dixie Cup Co. v. Paper Container Mfg. Co., 7 Cir., 174 F. 2d 834, 836, 837.

[redacted] The reported decisions are in general agreement that a congested calendar and the existence of complex issues do not constitute exceptional conditions warranting references to a special master. In McCullough v. Cosgrave, 309 U.S. 634, 60 S.Ct. 703, 84 L.Ed. 992, a patent case was referred to a master for trial on the trial court's recital that the judge to whom the case was assigned was ill and no other judge could be obtained, that the parties desired an early trial, that the calendar of the court was congested, and that the issues were complicated.[1] On an application for a writ of mandamus, the Supreme Court sum-

1. When Rule 53(c) is considered in its entirety, the weight to be accorded the factor of complex issues as bearing on an order of reference is determined by the

marily directed the district judge to vacate the order of reference and directed that the case be set for trial before the District Court in due course, citing Rule 53(b) and its prior opinion in Los Angeles Brush Corp. v. James, 272 U.S. 701, 47 S.Ct. 286, 71 L.Ed. 481.

█ In the James case, the court made it plain that where the subject matter concerns enforcement of the rules which the court has formulated, mandamus may be employed to compel the district court to conform to those rules. Concerning the reference to a master, the court commented that there was no reason why one litigant "should be subjected to any greater expense than any other litigant, except as it may be involved in the inherent and inevitable difference between the presentation of the issues as to the merit and validity of a patent grant and that which obtains in the litigation of an ordinary bill for relief in equity, or of an action at law upon a debt or for a tort." Los Angeles Brush Corp. v. James, 272 U.S. 701, 707, 47 S.Ct. 286, 289, 71 L.Ed. 481.

Even though in James, it might be thought by some that the court indulged in dictum, it seems beyond argument to us, that, in McCullough, the Supreme Court, by its decision, finally made the law of the land in a case where the issues were clearly drawn. 3 Fed.Rules Serv. 53b.122, Case 1, pages 496–7 [McCullough v. Cosgrave, 309 U.S. 703, 60 S.Ct. 703, 84 L.Ed. 992] reports that an examination of the petition, the return to the order to show cause, and briefs on file with the Clerk of the United States Supreme Court, discloses that, in McCullough, two actions by Kammerer Corporation and Baash-Ross Tool Co. against McCullough and others, filed in 1935 and 1937 respectively, and an action by McCullough against Kammerer and Baash-

Ross, filed in 1938, all seeking injunction against infringement of patents, had been consolidated for trial, but continued several times because of inability to reach trial or by stipulation; that on January 15, 1940, the district judge assigned the case to a master for trial, his order reading as follows:

"These consolidated cases having been set to be tried before the Court on January 2, 1940, and the Judge before whom the cause was to be tried having been unable to try the same because of his physical condition, and all parties having expressed the desire for an early trial, and the Court having given counsel an opportunity to endeavor to secure another judge to conduct the trial; and it appearing that these cases have been pending a long time and are patent suits seeking an injunction and require a protracted trial of complicated issues; and the calendar of this Court being congested and no other judge being available to try the same within a reasonable time, the Court finds that an exceptional condition exists which requires and warrants a reference to a Master. * * *"

In the editorial comment on the case, in 3 Fed.Rules Serv. p. 722, it was said: "A recent Supreme Court decision, although summary in form, should serve as a warning against too liberal use of the power of reference." See also comment to the same effect in Encyclopedia of Federal Procedure, 2d Ed. § 3425, p. 52, and Barron & Holtzoff, Federal Practice and Procedure, Rules Ed., § 1163, p. 872–873.

It seems clear, therefore, by its decision in the McCullough case, the Supreme Court depended upon the doctrine it had announced in James. If it was improper for the district judge in McCullough to refer the two causes to a master, so it seems beyond question that the

distinction between "jury" and "non-jury" cases. With respect to the former the Rule provides for a reference "only when the issues are complicated," while in the latter a reference is proper only when "exceptional conditions" require it. Inasmuch as the framers of the Rule made

complexity of the issues a ground for reference in the one instance, we think that they had reference to something more than complexity when the ground for reference in non-jury cases was defined as requiring the existence of "exceptional conditions."

order of the district court in the present cases was likewise improper and beyond the court's legal power under the rule forbidding references.

In United States v. Kirkpatrick, 3 Cir., 186 F.2d 393, an admiralty case was referred to a commissioner for trial to relieve a congested docket including a backlog of admiralty controversies, the order reciting the long pendency of the affected case, the desire of the parties for an early trial and a shortage of judges to facilitate an early disposition of the case. The Court of Appeals construed the language of Admiralty Rule 43 permitting a reference "where the court * * * deem[s] it * * * necessary for the purposes of justice" and the "exceptional condition" provision of Rule 53(b) as being *in pari materia*, requiring the existence of exceptional circumstances to warrant a reference to a master. The court held that the factors recited above did not constitute exceptional circumstances and issued a writ of mandamus directing the lower court to vacate its order referring the case to a commissioner, citing the McCullough case and Adventures in Good Eating v. Best Places to Eat, 7 Cir., 131 F.2d 809.

In McClellan v. Carland, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762, the court held that mandamus to require a trial court to proceed with and determine a pending suit might issue by a court of appeals in aid of its appellate jurisdiction. This was reiterated in Ex parte United States, 287 U.S. 241, at page 246, 53 S. Ct. 129, 77 L.Ed. 283, where the court held that a trial judge had no power to refuse to issue a bench warrant, as it was not a matter of discretion, but a mandatory duty to issue the warrant.

In Ex parte Skinner & Eddy Corp., 265 U.S. 86, 44 S.Ct. 446, 68 L.Ed. 912, the Supreme Court issued a writ requiring the Court of Claims to set aside an order reinstating a cause which it had dismissed. The court said, 265 U.S. at page 95, 44 S.Ct. at page 448: "It only remains to inquire whether this is a proper case for the writ asked. Mandamus is an extraordinary remedial process, which is awarded, not as a matter of right, but in the exercise of a sound judicial discretion. Although classed as a legal remedy, in issuing it a court must be largely controlled by equitable principles. Duncan Townsite Co. v. Lane, 245 U.S. 308, 312, 38 S.Ct. 99, 62 L.Ed. 309; [United States ex rel.] Arant v. Lane, 249 U.S. 367, 371, 39 S.Ct. 293, 63 L.Ed. 650. It would be a useless waste of time and effort to enforce a trial in the Court of Claims if we were, upon appeal, to find that the petitioner was unjustly deprived of his substantial right to dismiss his petition, as we should have to do for the reasons stated."

McCullough, James and Kirkpatrick and the reasoning in the other cases cited are, we think, decisive of the issues before us. Except in matters of account, reference to a master is a tool which can be employed only sparingly and only in exceptional cases. Adventures in Good Eating v. Best Places to Eat, 7 Cir., 131 F.2d 809; Buckley v. Altheimer, 7 Cir., 152 F.2d 502; In re Irving-Austin Bldg. Corp., 7 Cir., 100 F.2d 574. In this day of crowded dockets and voluminous calendars, the position now advanced by respondent, if adopted, would make reference to a master the rule rather than the exception in every case of a complicated nature which is filed in the district court.

The cases principally relied on in support of the orders are largely inapposite. Ex parte Peterson, 253 U.S. 300, 40 S.Ct. 543, 64 L.Ed. 919, and Graffis v. Woodward, 7 Cir., 96 F.2d 329, involved the reference of jury cases which involved complicated factual issues.[2] Troyak v. Enos, 7 Cir., 204 F.2d 536, in which we

2. Although the opinion in In re Narragansett Pier Amusement Corp., 1 Cir., 224 F.2d 231, does not touch on the merits and therefore does not reach the "jury"—"non-jury" distinction, the order for reference there complained of was entered in a jury case on the trial judge's finding that the issues presented were complicated.

approved an order referring the whole cause to a master for trial, was an action against a trustee for an accounting as to his handling of a trust estate. Furthermore, we indicated that exceptional circumstances were present, in that the trial judge to whom that case was assigned had retired and was sitting by assignment only until a successor could be appointed and that disposition of the cause required that hearings be held at various places throughout the United States.

In Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185, it was sought to mandamus the trial judge to set aside an order striking certain pleas in abatement because he deemed them insufficient. The Supreme Court held that the action complained of was merely the exercise by the court of its jurisdictional powers in settling the issues in the case. It said, 319 U.S. at page 27, 63 S.Ct. at page 942: "In sustaining the Government's demurrers to the pleas and its motions to strike, the district court did not * * * refuse to act on the pleas. Instead, it held that they were insufficient in law to abate the criminal prosecution. In thus ruling on questions of law decisive of the issue presented by the pleas and replications the district court acted within its jurisdiction as a federal court to decide issues properly brought before it." Obviously, the court was not confronted with a claim that the trial court had transcended a rule promulgated by the Supreme Court. Just as obviously the trial court here was not "acting within its jurisdiction as a federal court to decide issues properly brought before it", for here the court was not deciding issues presented but was, over the objection of both parties to the suit, refusing to be bound by the rule.

In Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106, the district court had severed an action for treble damages under an anti-trust act as to one defendant, and transferred the cause as to him to the district where he lived. The opposing party sought mandamus to compel the judge to set aside the order. The Supreme Court held, that inasmuch as the district court had jurisdiction both of the subject matter of the suit and of the person, it became necessary and proper for it to rule upon the issue raised in the due course of the litigation. The Court, 346 U.S. at page 382, 74 S.Ct. at page 147, said: "The ruling on a question of law decisive of the issue presented by Cravey's motion and the replication of the petitioner was made in the course of the exercise of the court's jurisdiction to decide issues properly brought before it. Ex parte American Steel Barrel Co., 1913, 230 U.S. 35, 45–46, 33 S.Ct. 1007, 1010, 1011, 57 L.Ed. 1379; Ex parte Roe, 1914, 234 U.S. 70, 73, 34 S.Ct. 722, 723, 58 L.Ed. 1217."

Helene Curtis Industries v. Sales Affiliates, D.C., 105 F.Supp. 886, was an action for a declaratory judgment as to validity and infringement of a patent. The cause was referred to a master on the court's finding that the litigation tended to disrupt irreparably the business of the whole industry affected and that the case could not be reached for trial by the court for many months after the date of the application for a reference. In denying a petition for a writ of mandamus to compel the trial court to vacate the order for reference, the Court of Appeals for the Second Circuit sustained the lower court's finding as to exceptional conditions. Helene Curtis Industries v. Sales Affiliates, 2 Cir., 199 F.2d 732. The opinion reflects the latter court's view that petitioner's objection to the reference was not made in good faith. Thus, the court referred with approval to the finding by the District Court that defendant was guilty of "forum shopping with a vengeance", [105 F.Supp. 902] in that it did all within its power to stay the declaratory judgment suit until a patent infringement suit subsequently filed by it in another federal district had been decided. The petitioner was in the unenviable position of resisting an early disposition of the controversy in New York, while arguing that the New York case should be stayed on the ground that a decision could be had sooner in Texas.

In Neale, Inc., v. McCormick, 9 Cir., 19 F.2d 320, certiorari denied 275 U.S. 530, 48 S.Ct. 28, 72 L.Ed. 409, the court approved the wholesale reference of all patent cases to a master to alleviate the congestion of the court calendar. We think this case cannot be reconciled with either the James case or the McCullough case, and find ourselves unable to accept the postulate upon which the decision rests. We likewise reject the wide declaration in In re Narragansett Pier Amusement Corp., 1 Cir., 224 F.2d 231, for the reasons stated in the discussion of the jurisdiction question.

We are extremely reluctant to be compelled to entertain a petition for a writ of mandamus against a district judge. We are not unmindful of the possible unhealthy consequence of such a proceeding, which the Supreme Court has so clearly summarized. Ex parte Fahey, 332 U.S. 258, 259–260, 67 S.Ct. 1558, 91 L.Ed. 2041; Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, at page 384–385, 74 S.Ct. 145, 98 L.Ed. 106. And we are not unaware of the congestion in the calendar of the judges of the court below, or unsympathetic with the problems which this condition imposes upon them. It appears, however, that advantage might be taken of the pre-trial procedures at the court's disposal to facilitate an expeditious disposition of the cases and to ease somewhat the congestion problem.[3] Also, if need be, the possibility and advisability of asking that these cases be reassigned to a different judge for trial might well be explored.

■ Although reluctant to make use of the drastic remedy of mandamus, we believe that these causes present circumstances which make an appeal from a final judgment a wholly inadequate remedy. In accord with the views expressed herein, we direct that the writ issue in each case directing respondent to vacate the order of reference and directing that a trial of each cause be had in due course

before the District Court. McCullough v. Cosgrave, supra.

MAJOR, Circuit Judge (dissenting).

I agree that this court has the jurisdiction and power to issue the writ. The question is whether in the exercise of a sound discretion this is an appropriate case for the utilization of that power. As was stated in Roche v. Evaporated Milk Association, 319 U.S. 21, 25, 63 S. Ct. 938, 941, 87 L.Ed. 1185:

"The common-law writs, like equitable remedies, may be granted or withheld in the sound discretion of the court. Ex parte Republic of Peru, supra [318 U.S. 578, at page 584], 63 S.Ct. 797 [793, 87 L.Ed. 1014], and cases cited; Whitney v. Dick, 202 U.S. 132, 136, 140, 26 S.Ct. 584, 586, 587, 50 L.Ed. 963. Hence the question presented on this record is not whether the court below had power to grant the writ but whether in the light of all the circumstances the case was an appropriate one for the exercise of that power. In determining what is appropriate we look to those principles which should guide judicial discretion in the use of an extraordinary remedy rather than to formal rules rigorously controlling judicial action."

Further the court stated, 319 U. S. at page 26, 63 S.Ct. at page 941:

"The traditional use of the writ in aid of appellate jurisdiction both at common law and in the federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. [Citing cases.]"

The last statement was quoted with approval in Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 382, 74 S.Ct. 145, 148, 98 L.Ed. 106, and the court pointed out that the respondent Judge

---

3. See Report adopted by Judicial Conference of the United States, April 21, 1951, 13 F.R.D. 62.

had jurisdiction of the subject matter and the person and that it was necessary in the course of the litigation for him to make the ruling under attack. The court further stated:

"Its decision against petitioner, even if erroneous—which we do not pass upon—involved no abuse of judicial power, Roche v. Evaporated Milk Ass'n, supra, and is reviewable upon appeal after final judgment. If we applied the reasoning advanced by the petitioner, then every interlocutory order which is wrong might be reviewed under the All Writs Act."

No criteria are supplied either by statute or rule for determining the "exceptional condition" referred to in Rule 53(b). Therefore, Judges might well disagree as to the circumstances which would justify a reference. Respondent in the exercise of his judgment concluded that the circumstances were sufficient and ruled accordingly. A Judge with authority to make a correct ruling has the same authority to make an erroneous ruling. As was stated in the Roche case, 319 U.S. at page 27, 63 S.Ct. at page 942:

"Its decision, even if erroneous—a question on which we do not pass—involved no abuse of judicial power, and any error which it may have committed is reviewable by the circuit court of appeals upon appeal appropriately taken from a final judgment, and by this Court by writ of certiorari."

Stated another way in the same opinion, 319 U.S. at page 32, 63 S.Ct. at page 945:

"In the present case the district court has acted within its jurisdiction and has rendered a decision which, even if erroneous, involved no abuse of judicial power."

The majority opinion asserts that respondent in entering the order of reference abused his discretion. No reason is assigned, however, for such holding other than that respondent made an erroneous ruling. But that is not sufficient, as is shown by statements from

Roche and Bankers Life, supra. In fact, respondent in entering the order under attack had at least as wide a discretion as this court has in deciding whether the writ should issue. In my opinion, there was no abuse of discretion by respondent, but the issuance of the writ will constitute an abuse of discretion by this court. The shoe is to be placed on the wrong foot.

The majority opinion reasons that unless action is taken at this time "petitioners are faced with the necessity and great expense of protracted trials which conceivably may eventually lead nowhere but to a complete retrial of the causes before a competent tribunal." This sort of reasoning has been definitely repudiated. In the Roche case, the court in response to the same contention stated 319 U.S. at page 30, 63 S.Ct. at page 943:

"We may assume, as they allege, that that trial may be of several months' duration and may be correspondingly costly and inconvenient. But that inconvenience is one which we must take it Congress contemplated in providing that only final judgments should be reviewable. Where the appeal statutes establish the conditions of appellate review an appellate court cannot rightly exercise its discretion to issue a writ whose only effect would be to avoid those conditions and thwart the Congressional policy against piecemeal appeals in criminal cases."

See same case, 319 U.S. at page 31, 63 S.Ct. 938, and also the Bankers Life case, 346 U.S. at page 379, 74 S.Ct. 145. Respondent's action at most constitutes no more than an erroneous ruling entered in the course of the proceeding and will be subject to review upon appeal from a final judgment.

The majority places great reliance upon McCullough v. Cosgrave, 309 U.S. 634, 60 S.Ct. 703, 84 L.Ed. 992, and United States v. Kirkpatrick, 3 Cir., 186 F.2d 393. The opinion states that these two cases are "decisive of the issues before us." In my view, that is an erroneous conception of those cases. As stated, the

Supreme Court in McCullough summarily directed a District Judge to vacate an order of reference. Apparently there has been considerable loose talk as to the reason for the court's action, which I suspect that court will, sooner or later, be called upon to repudiate. It is not difficult, however, to ascertain why the Supreme Court directed the issuance of the writ in that case. While it stated no reason, it cited only Los Angeles Brush Manufacturing Co. v. James, 272 U.S. 701, 47 S.Ct. 286, 71 L.Ed. 481. In the James case, as in the instant case, it was sought by mandamus to compel a District Judge to vacate an order referring a patent case to a Master. On page 703 of 272 U.S., on page 288 of 47 S.Ct., of the opinion, the order of the District Judge is set forth, which contains the reasons for making the reference, consisting in the main of a congested court calendar. While the reference in that case was under Equity Rule 59, it is pertinent to note that the requirement under that rule was substantially the same as under present Rule 53 (b), that is, that it should be made "only upon a showing that some exceptional condition requires it." The Supreme Court denied issuance of the writ but engaged in considerable discussion relative to mandamus, evidently for the enlightenment of District Judges, see, 272 U.S. at page 708, 47 S.Ct. 286. In that discussion the court stated 272 U.S. at page 707, 47 S.Ct. at page 289:

> "Were it [the Supreme Court] to find that the rules have been practically nullified by a District Judge or by a concert of action on the part of several District Judges, it would not hesitate to restrain them."

Evidently that is the statement in the James case which the court relied upon in the McCullough case. Certainly the court in the latter case did not cite the former as authority for the proposition that a District Judge was subject to mandamus for ordering a reference because of a congested docket because the court in the James case refused to issue a writ where the reference was made for that reason. If there be any doubt, however, why the writ was directed to issue

in McCullough, it is dispelled in Roche, wherein the court stated, 319 U.S. at page 31, 63 S.Ct. at page 944:

> "Hence there are in this case no special circumstances which would justify the issuance of the writ, such as the persistent disregard of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, prescribed by this court, found in McCullough v. Cosgrave, 309 U.S. 634, 60 S.Ct. 703, 84 L.Ed. 992 (see Los Angeles Brush Corp. v. James, 272 U.S. 701, 706 [708], 47 S.Ct. 286, 288, 289, 71 L.Ed. 481) * *."

The Kirkpatrick case falls in the same category. There it appears that a conference of District Judges was called by the Chief Judge to formulate a plan to relieve a congested docket of admiralty cases. A plan was agreed upon among the Judges by which such cases were to be referred to Commissioners. In fact, the court, 186 F.2d at page 397, referred to the plan as "a wholesale reference of admiralty cases." It is true in Kirkpatrick the court, 186 F.2d at page 399, referring to the McCullough case, stated that a congested court docket was not regarded in that case "as sufficient to empower the district court to make a reference in that case." I think that is a gratuitous statement. At any rate, no word has been spoken by the Supreme Court, directly or indirectly, that a writ of mandamus should issue to restrain a District Judge from referring a case to a Master because of a congested docket. On the other hand, the Supreme Court in James denied the writ where reference was made for that reason and has clearly indicated that the writ issued in McCullough because of a practice or custom to refer all cases of a certain class to a Master.

Reference as was done in McCullough and Kirkpatrick, in accordance with or by reason of a plan, practice or custom, constitutes an abdication of the judicial function. It is the very antithesis of the exercise of judicial discretion. A reference under such circumstances bears no resemblance to that with which we are now concerned. Respondent's reply to

the rule to show cause sets forth the circumstances which he took into consideration. He decided, as he had the authority to do, that the showing was sufficient. We need not now be concerned with whether that decision was correct or erroneous. In any event, there was no abuse of judicial power which should move this court in the exercise of its sound discretion to issue this extraordinary writ.

No good purpose could be served in commenting upon numerous other cases referred to in the majority opinion, other than the recent opinion of this court in Chicago, Rock Island & Pacific Railroad Co. v. Igoe, 7 Cir., 220 F.2d 299. That case rather than supporting the opinion illustrates its fallacy. There, the District Judge denied a motion for transfer under 28 U.S.C.A. § 1404(a). This court, in directing the issuance of the writ, stated, 220 F.2d at page 304:

"To warrant action by us, there must be something more than an erroneous decision. Our problem is, was the refusal by the District Judge to order the transfer, an abuse of discretion?"

In the instant situation the most that can be said of respondent's action is that he made an erroneous decision. In the Igoe case we held that there had been an abuse of discretion on the basis that the statute providing for the transfer of cases set forth the criteria to be employed in ruling upon such a motion. Such being the case, this court concluded that there had been an abuse of discretion because respondent had failed to follow the criteria which Congress had prescribed. In the instant case, however, as pointed out, the rule under consideration provides no criteria as to what constitutes the "exceptional condition," and respondent's judgment on that score is, if challenged, subject to review on appeal from a final judgment.

Finally, the majority appears to place reliance upon the fact that the order of reference was made over objection of both parties to the suit. Any logic in this reasoning is not discernible to me. The court's jurisdiction, with its right to exercise its discretion in making the reference, was precisely the same whether it was made with the consent of the parties, over their objection or on the court's own volition.

The action of the majority will, in my judgment, seriously impede the disposition of business in the District Courts of this Circuit, particularly in Chicago, where because of the heavy case load a Master is an indispensable arm of the court. No District Judge can now feel safe in making such a reference, with knowledge that this court is likely to substitute its judgment for his. If reference is to be outlawed, it should be by legislation or Supreme Court rule rather than by decision of this court. It is easy to speculate on other means of relieving congested court calendars, such as the procurement of additional Judges. Such potential relief, however, which may never materialize, is of little aid. District Judges are faced with realities which speculative theories do not dispel.

I would deny the issuance of the writ.