In re TURPENTINE & ROSIN FACTORS, Inc., Pine Tree Products and P. J. Rooney, Praying for a Writ of Mandamus.

### No. 16350.

United States Court of Appeals
Fifth Circuit.

Nov. 23, 1956.

E. Kontz Bennett, Waycross, Ga., Robert M. Hitch, Savannah, Ga., Edward F. Howrey, Harold F. Baker, Washington, D. C., for petitioners.

Before HUTCHESON, Chief Judge, and BORAH and BROWN, Circuit Judges.

PER CURIAM.

Recognizing, as we do, In re Pan-American Life Insurance Co., 5 Cir., 188

F.2d 833, that Mandamus may issue under the All Writs Statute, 28 U.S.C.A. § 1651, where the action of the Trial Court, in a case yet untried or incomplete, is a denial of a requested jury trial existing as of right; nonetheless, we, as does the First Circuit, In re Chappell & Co., 201 F.2d 343; In re Previn, 204 F.2d 417; In re Narragansett Pier Amusement Corporation, 224 F.2d 231, certiorari denied 350 U.S. 862, 76 S.Ct. 103, 100 L.Ed. 765, regard the Writ as extraordinary, reserved for rare cases of compelling need and decline, where others might not cf. Goldblatt v. Inch, 2 Cir., 203 F.2d 79; Canister Co. v. Leahy, 3 Cir., 191 F.2d 255, certiorari denied 342 U.S. 893, 72 S.Ct. 201, 96 L.Ed. 669; Bereslavsky v. Caffey, 2 Cir., 161 F.2d 499, certiorari denied 332 U.S. 770, 68 S. Ct. 82, 92 L.Ed. 355; Bereslavsky v. Kloeb, 6 Cir., 162 F.2d 862, certiorari denied 332 U.S. 816, 68 S.Ct. 156, 92 L. Ed. 393; Howes Leather Co. v. La Buy, 7 Cir., 226 F.2d 703 (certiorari granted 350 U.S. 964, 76 S.Ct. 439, now pending United States Supreme Court), its issuance where, on the record presented, the matter under scrutiny is, or may be, use, non-use, or mis-use of discretionary power, In re Bankers Life & Casualty Co., 5 Cir., 199 F.2d 593, affirmed Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106, and see annotation at 98 L.Ed. 114.

The relief sought here is in that category. This action by 31 plaintiffs against 12 defendants for treble damages under the Anti Trust Act, 15 U.S.C.A. § 1 et seq., was commenced April 25, 1951, with no jury demand by any party. On November 22, 1954, plaintiffs sought and obtained leave to file an amendment to the Complaint which consisted simply of a prayer for jury trial. On January 26, 1955, by an order which recited that "some of the parties had demanded and were entitled to trial by jury * * *" the Court, without objection by any party, finding the issues to be complex and hence an "exceptional case," appointed a Special Master "to take evidence upon the issues herein and report his findings

of fact such findings to be admissible in evidence" which, presumably was done under Fed.Rules Civ.Proc. rule 53(e) (3), 28 U.S.C.A. February 2, 1955, plaintiffs, with no prior notice, apparently by oral ex parte request, sought leave to withdraw their demand for jury trial and the Court by a strange and unorthodox procedure signed an "order" written in counsel's longhand on the back of the manuscript cover of the order of November 22, 1954, stating, "Upon Motion of Counsel for Plaintiffs to withdraw the within amendment asking for trial by jury, same is hereby ordered stricken from the record, subject to objection by Counsel for the defendants." No notice of the entry of this order was ever given as required F.R.C.P. 77(d), cf. 58, 5, 79(a), and defendants assert, by verified moving papers, that its existence was accidentally discovered August 2, 1956, a year and a half later.

In the meantime, hearings began and were held before the Special Master. June 13, 1955, the Court, without objection by any counsel (two defendants' counsel took a passive position neither objecting nor agreeing to it) entered an order directing that the Special Master "report his conclusions of law as well as findings of fact in this case to the Court" —an order which, plaintiffs contend, must have been premised on F.R.C.P. 53 (e) (1) and (2), and thus inconsistent with a jury trial. Hearings continued with the Master's findings of fact and conclusions of law being filed July 5, 1956, allowing plaintiffs treble damages in the total amount of $460,194. The Court's request to counsel for determination of the Master's fee and defendant's reply that this was premature since jury trial was yet to be had apparently precipitated inquiry leading to discovery, August 2, 1956, of the ex parte unpublished order of February 2, 1955 withdrawing jury demand. Whereupon defendants filed formal motion August 9, 1956 to place the case on the jury docket. Construed as a discretionary request under F.R.C.P. 39, this was denied and this Petition for Leave to File Application

for Writ of Mandamus against the Judge was then filed here.

Whether the filing of an amended Complaint brought plaintiffs' 1954 jury demand under F.R.C.P. 38(b) thus reviving it, after the implied waiver, F.R.C.P. 38(d), from non-demand, to a jury trial as a matter of right and thus assure the defendants the automatic protection of F.R.C.P. 38(d) that a "demand for trial by jury made as *herein* provided may not be withdrawn without the consent of the parties"; or whether this was, in this setting, more truly a waiver by all with plaintiffs' 1954 request being discretionary under FRCP 39(b) and, if so, whether this became a "demand * * * made as *herein* provided * * *" and thus automatically tied the Court's hands under 38(d); or whether the circumstances of appointment of the Special Master, the conduct of hearings, modification and expansion of his duties amounted in some way to a waiver and willing acquiescence in a non-jury trial; or whether other circumstances bore on proper application of the Federal Rules, were, are, and remain, matters requiring, for initial decision, the most careful determination by the Trial Judge fully familiar with an involved, complex case which is only sketchily presented here. Whether, and to what extent, it was discretionary, and if so, how wisely it was exercised, are not, on this record, so plainly demonstrated as to warrant our intruding. Confused and uncertain as this record is, this serious and difficult matter requires that a full record, not partisan affidavits, be developed as needed for presentation of the question on any appeals which might be taken and in which the parties shall be accorded the right to have this fully preserved for our review.

The circumstance sometimes present that failure of the Court of Appeals to issue the Writ will thwart trial or cause an abortive one is lacking here, since confirmation of the Master's report is now pending with entry of final decree imminent shortly. Appeal to test this matter, not a retrial now before a jury, is the more orderly, efficient and economical path. If, on appeal, we should conclude that denial of jury trial by the Judge was permissible, the matter would end and a costly retrial, would have been avoided; if we should reach an opposite conclusion, a jury trial can then be ordered and had with no loss save time which, on this record, seems of slight significance.

Leave to file a Petition for Writ of Mandamus is therefore denied, but the matter is expressly left open for full review, if later presented, on the merits without prejudice from this action or anything said herein.

Leave to file denied.