CHARLES P. COUGHLAN *vs.* PETER J. McGARVEY, administrator with the will annexed.

Norfolk.    April 3, 1929. — April 4, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Practice, Civil,* New trial.

At the trial of an action of tort for assault and battery, the jury found for the plaintiff in the sum of $1. Both parties moved for a new trial, the plaintiff on the ground that the damages found were inadequate

and the defendant on the grounds that the verdict was against the evidence and the weight of the evidence. The judge, after hearing the motions, made the following order on the plaintiff's motion: "It appearing that the damages awarded the plaintiff were inadequate and that the jury erred in its verdict, it is ordered that the verdict be set aside and a new trial had upon the entire issue"; and on the defendant's motion made the order, "See order on plaintiff's motion." At the second trial before another judge, a request by the plaintiff that the trial be limited to the question of damages was denied. There was a verdict for the defendant. *Held*, that

(1) The order on the plaintiff's motion meant that the verdict was set aside and a new trial ordered upon every issue raised by the pleadings;

(2) Such order was within the power of the trial judge.

TORT for assault and battery against John McGarvey. Writ dated December 21, 1925.

Proceedings at the two trials in the Superior Court, the first before *Macleod*, J., and the second before *Callahan*, J., are stated in the opinion. Between the trials, the defendant John McGarvey died and by order of court the administrator with his will annexed, Peter J. McGarvey, was summoned to defend. The second trial resulted in a verdict for the defendant. The plaintiff alleged exceptions.

*R. P. Berle*, for the plaintiff.

*F. G. Katzmann*, for the defendant, submitted a brief.

RUGG, C.J. This action of tort for personal injuries, alleged to have been suffered through a wrongful assault by the defendant upon the plaintiff, was tried to a jury and resulted in a verdict for the plaintiff in the sum of $1. Thereupon the plaintiff filed a motion for a new trial setting forth in various forms the main ground that the damages awarded by the jury were utterly inadequate and unwarranted by the evidence. The defendant also filed a motion for a new trial on the main ground that the verdict was against the evidence and the weight of the evidence. After hearing the trial judge made an order on the plaintiff's motion of this tenor: "It appearing that the damages awarded the plaintiff were inadequate and that the jury erred in its verdict, it is ordered that the verdict be set aside and a new trial had upon the entire issue." On the same day he made this order on the defendant's motion: "See order on plaintiff's motion." When the case came on

for a second trial the plaintiff moved that the "trial be limited to the issue of damages." This motion was denied subject to the exception of the plaintiff. The trial went forward and resulted in a verdict for the defendant.

As matter of interpretation the order made upon the plaintiff's motion for a new trial by the judge who presided at the first trial means that the verdict was set aside and a new trial ordered upon every issue raised by the pleadings. While more apt words might have been used, we think that it is not a true exposition of the language employed to hold that the words "the entire issue" confined the new trial to the question of damages. That judge had before him two motions to set aside the verdict; that of the defendant went to the validity of the verdict as a whole and was not founded on damages. The order upon the defendant's motion for a new trial, although not as clear as might be desired, means, as we interpret it, that he incorporated into that order all that was contained in the order made concerning the plaintiff's motion. It would have been more logical as well as in conformity to the statute for the judge in granting the plaintiff's motion for a new trial to have said that the motion was granted because the damages were inadequate, and that, but for his action on the motion of the defendant, the new trial would be restricted to damages, and then to have dealt with the defendant's motion. His attempt to deal with both motions by one order wherein were set forth his grounds for decision cannot be pronounced nugatory. If he had intended to grant the plaintiff's motion alone, he would have denied the defendant's motion. His statement that the "jury erred in its verdict," taken in conjunction with his order that the new trial be "had upon the entire issue," is pertinent to the defendant's motion. This statement leaves much to be desired in lucidity of expression, but it is susceptible of interpretation. The words just quoted from the judge's order we interpret to mean that he determined that the verdict ought not to stand for the reasons set forth in the defendant's motion. It is required by G. L. c. 231, § 127, that "a verdict shall not be set aside except on written motion by a party to the cause, stating the reasons relied upon in its support."

The further requirement of G. L. c. 231, § 128, that, whenever a verdict is set aside and a new trial granted under § 127, the judge "granting the motion for the new trial shall file a statement setting forth fully the grounds upon which the motion is granted," is satisfied by a reference to one or more of the "reasons" set forth in the motion required under the preceding section. In this respect no greater particularity is demanded of the judge than of the party making the motion. The judge's action as an entirety seems to mean that both motions were granted. Thus applied, the order was a complete rejection of the verdict rendered with the necessary result that the new trial was to cover a field as broad as permitted by the pleadings. This was within the power of the trial judge. *Simmons* v. *Fish*, 210 Mass. 563, 568, 569. *Edwards* v. *Willey*, 218 Mass. 363. *Tildsley* v. *Boston Elevated Railway*, 224 Mass. 117. It is unnecessary to determine whether the order on the plaintiff's motion for a new trial, standing alone and without reference to the order upon the defendant's motion for a new trial, could be supported. G. L. c. 231, §§ 127, 128.

*Exceptions overruled.*