## SCHUERHOLZ v. ROACH.

### No. 3249.

Circuit Court of Appeals, Fourth Circuit.

April 12, 1932.

M. J. Fulton, of Richmond, Va. (H. Beale Rollins, of Baltimore, Md., and Holmes Hall, of Richmond, Va., on the brief), for appellant.

John G. May, Jr., of Richmond, Va. (Sinnott, May & Leaman, of Richmond, Va., on the brief), for appellee.

Before NORTHCOTT and SOPER, Circuit Judges, and HAYES, District Judge.

SOPER, Circuit Judge.

The sole question on this appeal is whether the District Judge, having granted a new trial in a suit for personal injuries on the ground that the verdict in favor of the plaintiff was inadequate, should have limited the new trial to the issue of damages. Leroy V. Schuerholz, the plaintiff in the District Court, and a citizen of Maryland, brought suit against L. G. Roach, a citizen of Virginia, in the District Court of the United States for the Eastern District of Virginia, to recover damages for the loss of the sight of an eye. At the trial, the plaintiff offered evidence tending to show that the defendant, who was in the business of bottling soft drinks in Fredericksburg, had carelessly overcharged with carbonated gas a bottle of ginger ale which the plaintiff subsequently bought from a merchant to whom the defendant had sold it, and that when the plain-

tiff·was about to open ·the bottle on a roadside in Virginia, it exploded, causing the injury to his eye. The evidence of the defendant, on the other hand, tended to show that, while the plaintiff was attempting to open the bottle between two parts of the bumper of his automobile, a piece of glass flew up and struck him in the eye. The jury found a verdict for the plaintiff in the sum of $625, whereupon he made a motion for a new trial on the ground that the verdict was contrary to the evidence as to the amount of damages sustained by him, and the District Judge, being of the opinion that the verdict was grossly inadequate, set it aside and awarded a new trial. The purpose and intent of the order, as shown by a statement of the judge accompanying it, was to provide for a new trial generally, putting the case in precisely the same position as it was before it was tried.

The jury had been instructed in substance by the District Judge that the plaintiff could not recover unless they should find that the accident happened through the negligence of the defendant in filling or charging the bottle improperly, and without any negligence on the part of the plaintiff in opening the bottle contributing to the accident; and that if they should reach the conclusion that the plaintiff was entitled to recover, they should find a verdict in his favor in an amount sufficient to compensate him for the injury. No exceptions were taken to the judge's charge by either party. The plaintiff inferred from the verdict which followed that the issues of negligence and contributory negligence had been decided in his favor, and so, after the new trial had been granted, and before the second jury was sworn, he moved the court to limit the second trial to the sole issue of the amount of damages sustained; but the court overruled this motion. The second jury was then sworn, and, upon substantially the same evidence that had been introduced at the first trial, found a verdict for the defendant. The judgment on this verdict the plaintiff now seeks to ·reverse, claiming that the liability of the defendant had been established at the first trial, and that it was improper to submit the question to the jury a second time.

 The Supreme Court of the United States in Gasoline Products Co. v. Champlin Refining Co., 283 U. S. 494, 51 S. Ct. 513, 75 L. Ed. 1188, in reviewing a case from the First circuit, has shown that the practice in vogue in New England, under which, irrespective of local statute, the scope of a new trial may be limited to less than all the issues of fact when they are separable, does not violate the requirements of the Seventh Amendment to the Federal Constitution. See the note to this case in 75 L. Ed. 1191. The Legislature and courts of Virginia have also recognized the propriety of this practice. Apperson-Lee Motor Co. v. Ring, 150 Va. 283, 143 S. E. 694; Howell v. Murdock, 156 Va. 669, 158 S. E. 886; Virginia Code, §§ 6251, 6365. But the practice preserves to the moving party so much of the verdict as was in his favor, and gives him an opportunity to try again that part of the controversy which he has lost; and it ought not to be followed unless it is clear that no injustice will result. A decision of the trial court to limit the scope of a new trial is reviewable on appeal, for it may deprive the opposing party of his fundamental right to a fair trial; and it may be assumed, for our present purposes, that a refusal to limit is likewise subject to review. But a motion to restrict the issues is addressed, in the first instance, to the sound discretion of the court, and a denial of the motion ought not lightly to be disturbed, for, while it involves the additional burden and expense of a repetition of the whole evidence, it gives to each party a full opportunity to present his side of the case. It may be noted in passing that no case has come to our attention in which an appeal from a refusal to limit the issues upon a new trial has been successful. See Murray v. Krenz, 94 Conn. 503, 109 A. 859; Coughlan v. McGarvey, 267 Mass. 49, 165 N. E. 699; Donnatin v. Union Hardware & Metal Co., 38 Cal. App. 8, 175 P. 26, 177 P. 845.

In Barnes v. Ashworth, 154 Va. 218, 230, 231, 153 S. E. 711, 714, it was said: "However, there is a sound discretion vested in the trial court as to when the ends of justice will be the better served by granting a new trial upon all questions involved or by applying such exceptions to the general rule; and, unless it be a very plain case, the action of the trial court in granting a new trial against both defendants upon all questions involved should not be disturbed, and this is especially true where the instructions given by the court may have been confusing to the jury."

In Gasoline Products Co. v. Champlin Refining Co., supra, it was said (page 500 of 283 U. S., 51 S. Ct. 513, 515): "Where the practice permits a partial new trial, it may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a

trial of it alone may be had without injustice."

See, also, Norfolk Southern R. Co. v. Ferebee, 238 U. S. 269, 274, 35 S. Ct. 781, 59 L. Ed. 1303; Calaf v. Fernandez (C. C. A.) 239 F. 795, 798, 799; Clark v. New York, N. H. & H. R. Co., 33 R. I. 83, 80 A. 406, Ann. Cas. 1913B, 356; Robinson v. Payne, 99 N. J. Law, 135, 141, 142, 122 A. 882.

We are satisfied that in the pending case the action of the District Court in granting a new trial generally was the only way in which justice could have been done. It is obvious, as the plaintiff contends and the District Judge held, that the sum of $625 for the loss of an eye was grossly unjust and inadequate. It must have been so regarded by the very jurors who rendered the verdict, and it can give rise only to the inference that it did not represent a fair estimate of the plaintiff's loss, but merely a difference of opinion among the jurors as to the defendant's liability and a compromise of the controversy at the expense of both litigants. Such a finding ought not to stand. It ought to be set aside not only as to damages, but as to liability, for it speaks with no greater authority on the one subject than on the other. The precise question was met by the Supreme Judicial Court of Massachusetts in the leading case of Simmons v. Fish, 210 Mass. 563, 97 N. E. 102, Ann. Cas. 1912D, 588, in which a jury awarded $200 damages for the loss of an eye by a boy under 21 years of age. The decision in this case is cited with approval by the Supreme Court in Gasoline Products Co. v. Champlin Refining Co., supra, and by many other tribunals. Chief Justice Rugg, speaking for the court, said (571, 572 of 210 Mass., 97 N. E. 102, 106): "It is inconceivable that any jury, having agreed upon the issue of liability, should have reached such a determination as to damages. They had no right to consider the subject of damages until they had settled the liability in favor of the plaintiff. The verdict itself is almost conclusive demonstration that it was the result not of justifiable concession of views, but of improper compromise of the vital principles which should have controlled the decision. The inference is irresistible that it could have been reached only by certain of the panel conceding their conscientious belief that the defendant ought to prevail upon the merits in order that a decision might be reached. It is possible that a trial judge might let such a verdict stand for various reasons, as for instance if on the whole it should appear to him that a verdict for

the defendant ought not to have been set aside. But it would be a gross injustice to set aside such a verdict as to damages alone against the protest of a defendant, and force him to a new trial with the issue of liability closed against him when it is obvious that no jury had ever decided that issue against him on justifiable grounds. Although the decision of a motion for a new trial rests within the discretion of the trial court * * * it is a sound judicial and not an arbitrary discretion which must be exercised. A failure in this regard is subject to revision."

The judgment of the District Court is affirmed.