**E. I. DU PONT DE NEMOURS COM-PANY, Inc., Appellant,**

v.

**Leo HALL, Appellee.**

**No. 6941.**

United States Court of Appeals,
Fourth Circuit.

Submitted March 11, 1955.

Decided March 11, 1955.

Thomas B. Whaley, Columbia, S. C., for appellant.

Yancey A. McLeod, Columbia, S. C., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

**PER CURIAM.**

This is an appeal from an interlocutory order denying a motion to dismiss the action on the ground that plaintiff's sole remedy is under the South Carolina Workmen's Compensation Act, Code 1952, § 72–1 et seq. It was admitted that a reversal of the holding of the trial judge on this question would result in the termination of the litigation between the parties; and the case is one which illustrates the wisdom of the recent proposal approved by the Judicial Conference of the United States that the statute relating to interlocutory appeals be amended.[1] The amendment of the statute, however, is a matter for Congress, not for the courts; and under the law as it now stands we have no option but to dismiss the appeal, since we are given jurisdiction of appeals from final judgments only, except in the special cases enumerated in 28 U.S.C. § 1292. Baltimore Contractors v. Bodinger, 348 U.S. 176, 75 S.Ct. 249; City of Morgantown, W. Va., v. Royal Insurance Co. Ltd., 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347; International Nickel Co. v. Martin J. Barry, 4 Cir., 204 F.2d 583; International Refugee Organization v. Republic S. S. Corporation, 4 Cir., 189 F.2d 858; County Bank, Greenwood, S. C. v. First

1. The Judicial Conference of the United States at the September 1953 meeting approved a recommendation of one of its committees that section 1292 of Title 28 of the United States Code be amended by adding thereto the following:

"(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order; provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

National Bank of Atlanta, 4 Cir., 184 F.2d 152; Baltimore & O. R. Co. v. United Fuel Gas Co., 4 Cir., 154 F.2d 545.

Appeal dismissed.