222 F.2d 718
 COLUMBIA BOILER CO. OF POTTSTOWN, Inc., Petitioner,
v.
Honorable Sterling HUTCHESON, District Judge, Eastern District of Virginia, Respondent, and
Manville Boiler Co., Inc., Intervenor.
 No. 7001.
 United States Court of Appeals Fourth Circuit.
 Argued May 23, 1955.
 Decided May 25, 1955.
 
 Zachary T. Wobensmith, 2nd, Philadelphia, Pa. (Wirt P. Marks, Jr., Richmond, Va., on brief), for petitioner.
 W. Brown Morton, Jr., New York City (Pennie, Edmonds, Morton, Barrows & Taylor, New York City, on brief), for intervenor.
 Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a petition for a writ of prohibition in a patent infringement suit instituted against the Columbia Boiler Co. of Pottstown, Inc., and Columbia Boiler Co., Inc. The first named of these corporations moved to quash the service of process and to dismiss the suit on the ground that it does not reside or have a regular and established place of business within the Eastern District of Virginia. The judge below denied the motions on the basis of the holding in Dalton v. Shakespeare Co., 5 Cir., 196 F.2d 469. It is admitted that the order denying the motions is not a final order and that petitioner cannot appeal from it. See Beury v. Beury, 4 Cir., 222 F.2d 464; E. I. Du Pont De Nemours Co., Inc., v. Hall, 4 Cir., 220 F.2d 514. We think it equally clear that writ of prohibition cannot be used as substitute for an appeal in such a case. Until Congress amends the statute so as to permit appeals from interlocutory orders of this character, we do not think that appellate courts should attempt to circumvent the law by the use of writs of prohibition or mandamus. In re Sylvania Electric Products, Inc., 1 Cir., 220 F.2d 423; Gulf Research & Development Co. v. Leahy, 3 Cir., 193 F.2d 302, affirmed 344 U.S. 861, 73 S.Ct. 102, 97 L.Ed. 668; Gulf Research & Development Co. v. Harrison, 9 Cir., 185 F.2d 457. Cf. C-O-Two Fire Equipment Co. v. Barnes, 7 Cir., 194 F.2d 410, affirmed 344 U.S. 861, 73 S.Ct. 102, 97 L.Ed. 695.
 
 
 2
 Petition denied.