**SOUTHERN RAILWAY COMPANY,**
Petitioner,

v.

**Frank J. MADDEN, Respondent.**
No. 7034.

United States Court of Appeals
Fourth Circuit.

Argued June 15, 1955.

Decided July 14, 1955.

See also, 131 F.Supp. 415.

George H. Ward, Asheville, N. C. (John G. McMaster, Columbia, S. C., on brief), for petitioner.

John L. Nettles, Darlington, S. C. (James P. Mozingo, III, Darlington, S. C., on brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is a petition for a writ of certiorari to review an order of the District Court granting a new trial as to damages while permitting the remainder of a verdict establishing liability to stand. Plaintiff contends that he was knocked down at a street crossing by cars of the railway company which started suddenly as the result of being bumped by a switch engine. Defendant contends that plaintiff, while drunk, had crawled under the cars to get out of the rain and was injured when they were moved. Plaintiff's testimony as to how the injury occurred was uncorroborated and was contradicted by prior inconsistent statements which he had made to a number of witnesses and which corroborated defendant's version of the matter. Plaintiff was terribly injured, having one leg and a portion of the other foot cut off. The jury awarded him damages in the sum of $5,000. Defendant contends that this was clearly a compromise or sympathy verdict, as the jury would undoubtedly have awarded a very much larger sum if it had believed that a real case of liability on the part of defendant had been established, and that the court should not have set aside the award as to damages without setting aside the entire verdict, and thus giving plaintiff on the new trial awarded the benefit of the testimony which had manifestly been considered by the jury on the issue of damages instead of on the issue of liability, where it should have been considered.

■■ It is clear that the order which we are asked to review is not a final order in the case and hence is not appealable. And we do not think that the statute which allows appeal only from final orders, except in a limited class of cases, can be evaded by the simple device of asking this court to issue one of its extraordinary writs, such as certiorari, or mandamus or prohibition. Columbia Boiler Co. of Pottstown v. Hutcheson, 4 Cir., 222 F.2d 718; Hartford Accident & Indemnity Co. to use

of Silva v. Interstate Equipment Corporation, 3 Cir., 176 F.2d 419, certiorari denied 338 U.S. 899, 70 S.Ct. 250, 94 L. Ed. 553; United States Alkali Export Ass'n v. United States, 325 U.S. 196, 65 S.Ct. 1120, 89 L.Ed. 1554.

We think, however, that in the interest of the prompt disposition of this litigation, we should say, in line with our action in Carolina Mills, Inc., v. Corry, 4 Cir., 206 F.2d 76, and Ford Motor Co. v. Milby, 4 Cir., 210 F.2d 137, that all the judges of this court are of opinion that, on the record in this case, the verdict should not have been set aside as to damages without being set aside in its entirety; and that this will be held reversible error if the case should hereafter come before us on appeal from final judgment. See United Construction Workers et al. v. Haislip Baking Co., 4 Cir., 223 F.2d 872. As said by Chief Justice Rugg of Massachusetts in Simmons v. Fish, 210 Mass. 563, 97 N.E. 102, quoted with approval by this court in Schuerholz v. Roach, 4 Cir., 58 F.2d 32, 34:

" 'It is inconceivable that any jury, having agreed upon the issue of liability, should have reached such a determination as to damages. They had no right to consider the subject of damages until they had settled the liability in favor of the plaintiff. The verdict itself is almost conclusive demonstration that it was the result not of justifiable concession of views, but of improper compromise of the vital principles which should have controlled the decision. The inference is irresistible that it could have been reached only by certain of the panel conceding their conscientious belief that the defendant ought to prevail upon the merits in order that a decision might be reached. It is possible that a trial judge might let such a verdict stand for various reasons, as for instance if on the whole it should appear to him that a verdict for the defendant ought not to have been set aside. But it would be a gross injustice to set aside such a verdict as to damages alone against the protest of a defendant, and force him to a new trial with the issue of liability closed against him when it is obvious that no jury had ever decided that issue against him on justifiable grounds. Although the decision of a motion for a new trial rests within the discretion of the trial court * * * it is a sound judicial and not an arbitrary discretion which must be exercised. A failure in this regard is subject to revision.' "

The case is not like Southern Ry. Co. v. Neese, 4 Cir., 216 F.2d 772, where this court granted a partial new trial on the issue of damages under Rule 59(a), Fed. Rules Civ. Proc. 28 U.S.C.A. on the ground that the award of damages there was not sustained by the record. There the party against whom the issue of liability was found could not have suffered from the granting of the new trial on the issue of damages. Here it will almost certainly result in injustice to the party against whom the finding of liability is allowed to stand. The jury, manifestly, awarded plaintiff a small verdict out of sympathy for his suffering and without regard to the question of real liability. To allow such a verdict to stand on the question of liability and allow damages to be assessed on the basis of plaintiff's injury without reference to the question of liability would, in such a case, be likely to result in grave injustice. The learned judge below doubtless took the action that he did in the thought that such action was required by the decision in the Neese case; but, if so, this was erroneous.

As the order which we are asked to review is not final, the trial judge has power to reconsider his action in granting same; and he may think proper to do so in the light of what is here said.

The petition for writ of certiorari will be denied.

Petition denied.