226 F.2d 220
 ATLANTIC COAST LINE RAILROAD COMPANY, Appellant,
v.
Philip SONENSHINE and Marilyn Sonenshine, Appellees.
ATLANTIC COAST LINE RAILROAD COMPANY, Petitioner,
v.
Philip SONENSHINE and Marilyn Sonenshine, Respondents.
 No. 7084.
 No. 7092.
 United States Court of Appeals Fourth Circuit.
 Argued October 5, 1955.
 Decided October 5, 1955.
 
 Robert McC. Figg, Jr., Charleston, S. C. (A. L. Hardee, Florence, S. C., James E. Leppard, Chesterfield, S. C., Douglas McKay, Columbia, S. C., and M. V. Barnhill, Jr., Wilmington, N. C., on motion), for appellant and petitioner.
 James P. Mozingo, III, Darlington, S. C., Henry H. Edens, Henry Hammer, Columbia, S. C., John L. Nettles, Archie L. Chandler and B. R. Greer, Darlington, S. C., on the brief for appellees and respondents.
 Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal in an action to recover damages on account of personal injuries. A trial was had in the court below in which the jury returned verdicts for $145,000 damages. The trial judge denied a motion by defendant for judgment non obstante veredicto and granted a motion by plaintiffs to set aside the verdicts on the ground of inadequacy and grant a new trial. From this order the defendant has brought an appeal, which plaintiffs move to dismiss on the ground that the order from which it is taken is not a final judgment. Defendant moves for leave to file a petition for a writ of certiorari to review the action of the trial judge in denying the motion for judgment non obstante veredicto and setting aside the verdicts and awarding a new trial.
 
 
 2
 It is perfectly clear that no final judgment has been entered by the court below and that consequently the appeal must be dismissed. We think it equally clear that the motion to be allowed to file application for writ of certiorari must also be denied. Southern Railway Co. v. Madden, 4 Cir., 224 F.2d 320. As we said in the case cited, "It is clear that the order which we are asked to review is not a final order in the case and hence is not appealable. And we do not think that the statute which allows appeal only from final orders, except in a limited class of cases, can be evaded by the simple device of asking this court to issue one of its extraordinary writs, such as certiorari, or mandamus or prohibition. Columbia Boiler Co. of Pottstown v. Hutcheson, 4 Cir., 222 F.2d 718; Hartford Accident & Indemnity Co. to Use of Silva v. Interstate Equipment Corporation, 3 Cir., 176 F.2d 419, certiorari denied 338 U.S. 899, 70 S.Ct. 250, 94 L.Ed. 553; United States Alkali Export Ass'n v. United States, 325 U.S. 196, 65 S.Ct. 1120, 89 L.Ed. 1554."
 
 
 3
 Appeal Dismissed.
 
 
 4
 Certiorari Denied.