232 F.2d 699
 109 U.S.P.Q. 174
 Bonjamin CLAYTON, doing business under the fictitious name
and style of Refining, Unincorporated, Petitioner,
v.
Honorable Wilson WARLICK, District Judge of the United
States District Court for the Western District of
North Carolina, Respondent.
 No. 7148.
 United States Court of Appeals Fourth Circuit.
 Argued March 22, 1956.
Decided April 9, 1956.
 
 Charles M. Thomas, Washington, D.C. (John M. Robinson, Charlotte, N.C., and Barron F. Black, Norfolk, Va., on the brief), for petitioner.
 James B. Craighill, Charlotte, N.C., for respondent.
 Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.
 PARKER, Chief Judge.
 
 
 1
 This is an application for a writ of mandamus or prohibition to restrain Honorable Wilson Warlick, District Judge for the Western District of North Carolina from entering an order in accordance with an opinion he has rendered, transferring a patent infringement suit from the Western District of North Carolina to the Northern District of Illinois. Plaintiff is a resident of Houston, Texas, and has no place of business in the Western District of North Carolina. The federal court of that district has jurisdiction of the cause under an allegation that the defendant is guilty of infringement and has an established place of business within the district. Defendant is incorporated under the laws of Illinois and has its principal place of business in the Northern District of that state, where its main offices, principal laboratories, main research staff and principal records are located.
 
 
 2
 The suit for infringement was originally instituted in the Eastern District of Virginia, but upon motion to dismiss or remove being made and, upon the judge's intimating that he would grant the motion, Clayton v. Swift & Co., 132 F.Supp. 154, plaintiff dismissed that suit and instituted one in the Western District of North Carolina. Defendant made a motion there under 28 U.S.C. § 1404(a) to remove the case to the Northern District of Illinois for the convenience of parties and witnesses and in the interest of justice. Affidavits were filed in support of and against the motion, and Judge Warlick filed a memorandum opinion finding the facts and stating that he would grant it. The pertinent facts are set forth in the memorandum as follows:
 
 
 3
 'It is evident that the trial of the case will be largely technical and will require the testimony of experts as witnesses who are technically trained and who supposedly know what they are talking about. The patent involves certain processes successful in refining vegetable matter. I am told that defendant has been paying royalties to the plaintiff over the whole of the period since the patent was granted to his predecessor in title. The trial will involve the extension of the life of the patent beyond its seventeen year period, and accordingly the proposed rights and the factors that such will likely cover will require a great amount of technical testimony, and obviously will involve many witnesses on both sides and will require much research and likely many tests. This undoubtedly will necessitate the use of the facilities which each side possesses in either the Chicago or the New York area.
 
 
 4
 'I am therefore of the opinion that to try this case in Charlotte would convenience no one. The witnesses for each side would have to come there. Records would likewise have to be brought along. Each one concerned would travel hundreds of miles and inconvenience after inconvenience would naturally come about. Charlotte, though a grand city, has nothing in common with this trial. Hence I conclude that a more convenient trial of the issues can be had and all parties and witnesses more nearly convenienced and the interest of justice better served, by transferring the cause to the United States District Court for the Northern District of Illinois, Eastern Division. This I consequently do. It is so ordered.'
 
 
 5
 Plaintiff frankly admits that he desires to try his case in this Circuit because of our decision in Proctor & Gamble Mfg. Co. v. Refining, Inc., 4 Cir., 135 F.2d 900. He contends that a contrary view of the patent law controlling a vital aspect of the case is taken by the Court of Appeals of the 7th Circuit, as evidenced by the decision of that court in Weatherhead Co. v. Drillmaster Supply Co., 7 Cir., 227 F.2d 98; and, while admitting that it would be more convenient to the parties to try the case in Chicago, he contends that he has the right to choose the forum and that, in view of the alleged conflict in decision on the patent law between the Circuits, it was an abuse of discretion on the part of the District Judge to order the case removed and thus deprive him of the benefit of trying the case in a circuit where the law has been decided in his favor.
 
 
 6
 As the suit might have been brought in the Northern District of Illinois, there can be no question as to the power of the court to order it removed to that district under 28 U.S.C. § 1404(a), which provides:
 
 
 7
 'For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.'And it is well settled that an order entered under this statute is an interlocutory order from which no appeal lies. That question was before us in Jiffy Lubricator Co. v. Stewart-Warner Corp., 4 Cir., 177 F.2d 360, 361, where we said:
 
 
 8
 'The motion to dismiss must be granted on the ground that the order transferring the case is not a final order from which an appeal lies under 28 U.S.C.A. § 1291. As was said by the Supreme Court in Arnold v. United States for Use of W. B. Guimarin & Co., 263 U.S. 427, at page 434, 44 S.Ct. 144, at page 147, 68 L.Ed. 371: 'It is well settled that a case may not be brought here by writ of error or appeal in fragments, that to be reviewable a judgment or decree must be not only final, but complete, that is, final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved; and that if the judgment or decree be not thus final and complete, the writ of error or appeal must be dismissed for want of jurisdiction." (citing cases.)
 
 
 9
 See also Clinton Foods v. United States, 4 Cir., 188 F.2d 289.
 
 
 10
 What applicants are seeking is to review by application for mandamus an interlocutory order from which Congress has not seen fit to grant a right of appeal. This may not be done. In Columbia Boiler Co. of Pottstown v. Hutcheson, 4 Cir., 222 F.2d 718, we dealt with an attempt to use a writ of prohibition to review an interlocutory order refusing to dismiss a patent infringement suit on the ground that defendant did not reside or have a regular and established place of business within the district. There, as here, a question of venue was involved and, if the interlocutory order was erroneous, a great loss of time and money might result from its not being promptly reversed. We held, nevertheless, that there was no power in this court to review it by mandamus or prohibition, saying:
 
 
 11
 'It is admitted that the order denying the motions is not a final order and that petitioner cannot appeal from it. See Beury v. Beury, 4 Cir., 222 F.2d 464; E. I. Du Pont De Nemours Co., Inc., v. Hall, 4 Cir., 220 F.2d 514. We think it equally clear that writ of prohibition cannot be used as substitute for an appeal in such a case. Until Congress amends the statute so as to permit appeals from interlocutory orders of this character, we do not think that appellate courts should attempt to circumvent the law by the use of writs of prohibition or mandamus. In re Sylvania Electric Products, Inc., 1 Cir., 220 F.2d 423; Gulf Research & Development Co. v. Leahy, 3 Cir., 193 F.2d 302, affirmed 344 U.S. 861, 73 S.Ct. 102, 97 L.Ed. 668; Gulf Research & Development Co. v. Harrison, 9 Cir., 185 F.2d 457. Cf. C-O-Two Fire Equipment Co. v. Barnes, 7 Cir., 194 F.2d 410, affirmed 344 U.S. 861, 73 S.Ct. 102, 97 L.Ed. 695.'
 
 
 12
 We made the same holding in the case of Southern Railway Co. v. Madden, 4 Cir., 224 F.2d 320, where an interlocutory order, which we though erroneous, had been entered granting a new trial confined to the issue of damages, and in Atlantic Coast Line R. Co. v. Sonenshine, 4 Cir., 226 F.2d 220, where an interlocutory order had been entered granting plaintiff a new trial on the issue of damages in the face of a contention by defendant that it was entitled to a judgment n.o.v. on the ground that no liability had been established and that the new trial would involve needless delay and expense. In the Madden case we said:
 
 
 13
 'It is clear that the order which we are asked to review is not a final order in the case and hence is not appealable. And we do not think that the statute which allows appeal only from final orders, except in a limited class of cases, can be evaded by the simple device of asking this court to issue one of its extraordinary writs, such as certiorari, or mandamus or prohibition. Columbia Boiler Co. of Pottstown v. Hutcheson, 4 Cir., 222 F.2d 718; Hartford Accident & Indemnity Co. to Use of Silva v. Interstate Equipment Corporation, 3 Cir., 176 F.2d 419, certiorari denied 338 U.S. 899, 70 S.Ct. 250, 94 L.Ed. 553; United States Alkali Export Ass'n v. United States, 325 U.S. 196, 65 S.Ct. 1120, 89 L.Ed. 1554.'
 
 
 14
 In the case of E.I. Du Pont De Nemours Co., Inc. v. Hall, 4 Cir.,220 F.2d 514, we pointed out that cases of the sort dealt with above illustrated the wisdom of the recent proposal approved by the Judicial Conference of the United States that the statute relating to interlocutory appeals be amended so as to grant a limited right of review of interlocutory orders, but adding: 'The amendment of the statute, however, is a matter for Congress, not for the courts'. It seems manifest that, if an interlocutory order involving error of law, may not be reviewed by mandamus or otherwise, review may not be had of one which involves merely an exercise of discretion. All of this is in accord with the rule laid down by the Supreme Court in United States Alkali Export Ass'n v. United States, 325 U.S. 196, 202-203, 65 S.Ct. 1120, 1124, where it was said:
 
 
 15
 'The traditional use of such writs both at common law and in the federal courts had been, in appropriate cases, to confine inferior courts to the exercise of their prescribed jurisdiction or to compel them to exercise their authority when it is their duty to do so. In re Chetwood, 165 U.S. 443, 462, 17 S.Ct. 385, 392, 41 L.Ed. 782 (citing Tidd's Prac. 398, and Bac. Ab., Certiorari); Whitney v. Dick, supra, 202 U.S. (132) 139, 140, 25 S.Ct. (584) 587, 50 L.Ed. 963; Ex parte (Republic of) Peru, supra, 318 U.S. (578) 583, 63 S.Ct. (793) 796, 87 L.Ed. 1014, and cases cited. It is evident that hardship is imposed on parties who are compelled to await the correction of an alleged error at an interlocutory stage by an appeal from a final judgment. But such hardship does not necessarily justify resort to certiorari or other of the extraordinary writs as a means of review. In such cases appellate courts are reluctant to interfere with decisions of lower courts, even on jurisdictional questions, which they are competent to decide and which are reviewable in the regular course of appeal. In re Tampa Suburban R. Co., supra (168 U.S. 583, 18 S.Ct. 177, 42 L.Ed. 589); Ex parte Harding, 219 U.S. 363, 369, 31 S.Ct. 324, 325, 55 L.Ed. 252; Roche v. Evaporated Milk Ass'n, supra, 319 U.S. (21) 30, 31, 63 S.Ct. (938) 943, 944, 87 L.Ed. 1185, and cases cited; cf. Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104; Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85. The writs may not be used as a substitute for an authorized appeal; and where, as here, the statutory scheme permits appellate review of interlocutory orders only on appeal from the final judgment review by certiorari or other extraordinary writ is not permissible in the face of the plain indication of the legislative purpose to avoid piecemeal reviews. Roche v. Evaporated Milk Ass'n, supra, 319 U.S. 30, 63 S.Ct. 943, 87 L.Ed. 1185, and cases cited; and see Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783.'
 
 
 16
 We see no reason why this rule should not apply where mandamus is sought to review an interlocutory order entered under 28 U.S.C. § 1404(a). The Supreme Court did not find it necessary to decide the question in Norwood v. Kirkpatrick, 349 U.S. 29, 33, 75 S.Ct. 544, 99 L.Ed. 789, just as we did not find it necessary in Clinton Foods v. United States, 4 Cir., 188 F.2d 289, and the expressions of the various circuits are in hopeless conflict. It is argued that review by mandamus is necessary to allow review by the Court of Appeals of the circuit of the transferring court; but there is no reason why a review by the Court of Appeals of the circuit to which the case is transferred is not sufficient. The only power to issue the writ is that contained in the 'all writs' statute, 28 U.S.C. § 1651, which makes the writ available in aid of jurisdiction, and the jurisdiction on appeal can be protected as well by the latter as by the former. This was considered by Judge Learned Hand in Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 2 Cir., 178 F.2d 866, 869, where he said:
 
 
 17
 'We do not believe that our power to protect our own jurisdiction extends to protecting it as against the jurisdiction of another federal court of equal jurisdiction, or that a suitor has any legally protected interest in having his action tried in any particular federal court, except in so far as the transfer may handicap his presentation of the case, or add to the costs of trial.
 
 
 18
 '* * * There are therefore at least plausible grounds why we should issue the writ. On the other hand, whatever power of review we may have, the Court of Appeals for the Seventh Circuit has the same; and that court will be in a much better position than we to pass upon at least the first of the two questions involved; i.e., the extent to which any review of the transfer will be open upon appeal from a final judgment against the plaintiff. It is true that the same considerations would determine the answer, whether we, or the Seventh Circuit, decide it; but it does not follow that the decision would be the same in each court; and, since the absence of any relief upon appeal from final judgment is so critical in the decision, surely it is appropriate for that court to decide it, which will decide the appeal itself.'
 
 
 19
 Of course mandamus or prohibition will lie to compel the district judge to exercise his discretion under the statute[1] or to prevent his transferring the case to a district to which, as a matter of law, it is not transferable[2] and, so far, except in one case,[3] the relief granted has not gone beyond this, although in some cases where the writ has been denied, the denial has been based on the ground that no abuse of discretion has been shown.[4] There is strong reason, however, why mandamus or prohibition should not be held to afford a right of review where the judge has exercised the power conferred upon him by law and the only question is whether he has properly exercised or has abused that power. As was well said by Judge Goodrich, speaking for the Third Circuit, in All States Freight v. Modarelli, 3 Cir., 196 F.2d 1010, 1011:
 
 
 20
 'The second danger which threatens the usefulness of Section 1404(a) comes from the appellate courts. It is settled in this Circuit and elsewhere that an order either making a transfer or refusing a transfer is not appealable. Now the effort is being made both in this court and elsewhere to substitute for appeal a review by mandamus whenever the losing party on a motion to transfer wants an advance review of the ruling on this point.
 
 
 21
 'We think that this practice will defeat the object of the statute. Instead of making the business of the courts easier, quicker and less expensive, we now have the merits of the litigation postponed while appellate courts review the question where a case may be tried.
 
 
 22
 'Every litigant against whom the transfer issue is decided naturally thinks the judge was wrong. It is likely that in some cases an appellate court would think so, too. But the risk of a party being injured either by the granting or refusal of a transfer order is, we think, much less than the certainty of harm through delay and additional expense if these orders are to be subjected to interlocutory review by mandamus.
 
 
 23
 'We do not propose to grant such review where the judge in the district court has considered the interests stipulated in the statute and decided thereon. * * *
 
 
 24
 '* * * we cannot escape the conclusion that it will be highly unfortunate if the result of an attempted procedural improvement is to subject parties to two lawsuits: first, prolonged litigation to determine the place where a case is to be tried; and, second, the merits of the alleged cause of action itself.'
 
 
 25
 See also In re Josephson, 1 Cir., 218 F.2d 174, 183, where Chief Judge Magruder, speaking for the Court of Appeals of the First Circuit, quoted the above language with approval and added:
 
 
 26
 'Accordingly, we serve notice that in the future, except in really extraordinary situations the nature of which we shall not undertake to formulate in advance, we shall stop such mandamus proceedings at the very threshold, by denying leave to file the petition for a writ of mandamus.'
 
 
 27
 The Court of Appeals of the Fifth Circuit expressed the same view in Ex parte Chas. Pfizer & Co., Inc., 5 Cir., 225 F.2d 720, 721, 722, where the court said:
 
 
 28
 'There is some judicial support for the view that a Court of Appeals has no power under § 1651(a) to grant mandamus to review an interlocutory order of transfer. See the concurring opinion of Judge Swan in Ford Motor Co. v. Ryan, 2 Cir., 1950, 182 F.2d 329, 332, citing De Beers Consol. Mines v. United States, 325 U.S. 212, 65 S.Ct. 1130, 89 L.Ed. 1566. The Eighth Circuit has held that mandamus will not lie to review an order entered under § 1404(a). Carr v. Donohoe, 8 Cir., 1953, 201 F.2d 426.
 
 
 29
 'In the majority opinion of Judge Frank in Ford Motor Co. v. Ryan, supra (182 F.2d 332), it was held that mandamus would lie to review orders of transfer, and that the District Judge must guess and the Court of Appeals 'should accept his guess unless it is too wild'. By order of the majority of the Court a Writ of Mandamus was issued directing a District Judge to enter an order of transfer in Chicago, Rock Island & Pacific Railroad Co. v. Igoe, 7 Cir., 1955, 220 F.2d 299. The more restrictive view is that mandamus does not lie where the District Judge has considered the interest stipulated in the statute and made an order in the exercise of his discretion. Atlantic Coast Line R. Co. v. Davis, 5 Cir., 1950, 185 F.2d 766; All States Freight v. Modarelli, 3 Cir., 1952, 196 F.2d 1010; In re Josephson, 1 Cir., 1954, 218 F.2d 174. It is our opinion that, in the absence of a failure of the District Court to correctly construe and apply the statute, or to consider the relevant factors incident to ruling upon a motion to transfer, or unless it is necessary to correct a clear abuse of discretion, a Court of Appeals should not entertain motions for Writs of Mandamus to direct District Courts to enter or vacate orders of transfer under 1404(a).'
 
 
 30
 See also the decision of the Court of Appeals of the Second Circuit in Torres v. Walsh, 2 Cir., 221 F.2d 319, 321, where the court said it was not called upon to act except in a "really extraordinary cause" and quoted with approval the statement of Judge Learned Hand in Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., supra, "We do not believe that our power to protect our own jurisdiction extends to protecting it as against the jurisdiction of another federal court of equal jurisdiction".
 
 
 31
 The correct rule to be applied, we think, is the same as that applied in the case of other interlocutory orders, i.e., where the judge has exercised a power conferred upon him by law, mandamus may not be availed of to review the exercise of the power in the face of the restriction placed by Congress on the review of interlocutory orders. The distinction which we think applicable was that drawn by the Supreme Court in De Beers Consolidated Mines, Ltd. v. United States, 325 U.S. 212, 217, 65 S.Ct. 1130, 1133, 89 L.Ed. 1566, where the court said:
 
 
 32
 'When Congress withholds interlocutory reviews, § 262 (now 28 U.S.C. § 1651) can, of course, not be availed of to correct a mere error in the exercise of conceded judicial power. But when a court has no judicial power to do what it purports to do-- when its action is not mere error but usurpation of power-- the situation falls precisely within the allowable use of § 262.'
 
 
 33
 See also the concurring opinion of Judge Swan in Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, 332, and the decision of the Court of Appeals of the Second Circuit in Ward Banking Co. v. Holtzoff, 2 Cir., 164 F.2d 34, 36 where the court said:
 
 
 34
 'Section 262 of the Judicial Code, 28 U.S.C.A § 377, (now 28 U.S.C. § 1651) cannot be availed of to correct a mere error in the exercise of conceded juicial power, but may be used to prevent usurpation of power, if 'the lower court is clearly without jurisdiction."
 
 
 35
 If we assume, however, that the court has jurisdiction to review by writ of mandamus orders of transfer entered under 28 U.S.C. § 1404(a) for abuse of discretion on the part of the judge, we think it clear that there was no abuse of discretion in ordering the case here transferred. Unquestionably it would be more convenient to litigants and witnesses to try the case in Chicago rather than in Charlotte, and the same law, the federal patent law, will be applied wherever it is tried. We are not impressed by the argument that such transfer should be denied because of an alleged conflict of decision between this Circuit and the Seventh on an important question of law involved in the case. If there be such conflict, this presents a matter for consideration by the Supreme Court on application for certiorari, not for consideration by a district judge on application for transfer under 28 U.S.C. § 1404(a). We have no sympathy with shopping around for forums. As we said in Carbide & Carbon Chemicals Corp. v. United States Industrial Chemicals, Inc., 4 Cir., 140 F.2d 47, 49, 'the courts of one District or Circuit must be presumed to be as able and as well qualified to handle litigation as those in another.'
 
 
 36
 Application denied.
 
 
 
 [1]
 Paramount Pictures v. Rodney, 3 Cir., 186 F.2d 111; Wiren v. Laws, 90 U.S.App.D.C. 105, 194 F.2d 873. See also C-O-Two Fire Equip. Co. v. Barnes, 7 Cir., 194 F.2d 410
 
 
 [2]
 Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949; Shapiro v. Bonanza Hotel Co. Inc., 9 Cir., 185 F.2d 777; Atlantic Coast Line R. Co. v. Davis, 5 Cir., 185 F.2d 766
 
 
 [3]
 Chicago Rock Island & Pacific R. Co. v. Igoe, 7 Cir., 220 F.2d 299
 
 
 [4]
 Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329; Nicol v. Koscinski, 6 Cir., 188 F.2d 537; Ex parte Chas. Pfizer & Co., 5 Cir., 225 F.2d 720; General Portland Cement Co. v. Perry, 7 Cir., 204 F.2d 316; Goodman v. Clancy, 2 Cir., 195 F.2d 235