322 F.2d 820
 H. L. YOUNG and Charles N. Ingram, Plaintiffs, Appellees,
v.
INTERNATIONAL PAPER COMPANY, Defendant and Third-Party Plaintiff; DICKERSON, INCORPORATED, Third-Party Defendant and Third-Party Plaintiff; PHOENIX INDEMNITY COMPANY, Third-Party Defendant; PHOENIX ASSURANCE COMPANY OF NEW YORK (Named above as Phoenix Indemnity Company), Third-Party Plaintiff; and L. H. SIMKINS, Third-Party Defendant, Appellants.
 No. 8923.
 United States Court of Appeals Fourth Circuit.
 Argued June 14, 1963.
 Decided September 16, 1963.
 
 Coming B. Gibbs and Charles H. Gibbs, Charleston, S. C. (Joseph R. Young, Hagood, Rivers & Young, Robert McC. Figg, Jr., Gedney M. Howe, Jr., Charleston, S. C., Gwinn H. Nixon, Cumming, Nixon, Eve, Waller & Capers, Augusta, Ga., and Sinkler, Gibbs & Simons, Charleston, S. C., on brief), for appellants.
 D. Laurence McIntosh, Florence, S. C. (Jack J. Wright, Wright, Scott, Blackwell & Powers, Florence, S. C., Harold A. Mouzon, B. Allston Moore, and Moore & Mouzon, Charleston, S. C., on brief), for appellees.
 Before SOBELOFF, Chief Judge, BOREMAN, Circuit Judge, and WINTER, District Judge.
 SOBELOFF, Chief Judge.
 
 
 1
 This is an appeal in a diversity suit instituted in the Eastern District of South Carolina. Plaintiff-appellees own a 10,000 acre tract of timber land in Georgetown County, South Carolina. In 1954 they granted International Paper Company, one of the defendants, an easement for the construction and use of a right-of-way across this tract. Involved in this litigation is the following provision embodied in the grant of the easement:
 
 
 2
 "It is understood and agreed between the parties hereto that if, in the exercise of the rights and privileges herein granted, the grantee should cause any damage to the land or timber of the grantors, the grantee shall be liable for all such damage regardless of whether such damage is caused by the negligence or wantonness of the grantee. It is understood that the consideration herein mentioned [$4,000] is in no wise compensation for any such damage." (Emphasis added.)
 
 
 3
 On March 1, 1955, a severe fire broke out on plaintiffs' tract; it ultimately destroyed some 5,000 acres of timber land in the heart of the tract on both sides of the right-of-way. Some of the land, according to testimony in the record, was so badly scorched as to become unfit for the production of timber. There was conflict on the evidence as to whether the fire originated from work being done on the right-of-way. The amended complaint was based on the indemnity provision in the easement document, and consequently there is no issue of negligence in the case. Actual damages of $95,000 were sought.
 
 
 4
 When the litigation, which was unavoidably protracted, finally came to trial on February 1, 1962, two basic questions were involved: (1) Whether the fire of March 1, 1955, originated from work being performed in the right-of-way, and (2) if so, what was the amount of the plaintiffs' damages. The jury returned a verdict for the plaintiffs in the amount of $25,000. The plaintiffs moved for a new trial on the ground of inadequacy of the damages, and the District Court ordered a new trial limited to the issue of damages only. The parties then stipulated to submit the matter of damages, and all remaining issues, to the District Judge for a determination by him, without a jury, upon the existing record. By an order filed October 22, 1962, the District Judge awarded the plaintiffs damages in the amount of $60,000.
 
 
 5
 On this appeal three questions are raised: (1) Did the District Judge abuse his discretion in setting aside the $25,000 verdict on the ground of inadequacy? (2) Did he err in granting a partial new trial limited to the issue of damages? (3) Was an award of $60,000 clearly erroneous? For the reasons to be set forth we decide each of these questions in the negative.
 
 
 6
 * "It is * * * well settled * * * that the granting or refusing of a new trial is a matter resting in the sound discretion of the trial judge, and that his action thereon is not reviewable upon appeal, save in the most exceptional circumstances."[1] Equally well settled is the rule that it is within the discretion of the District Court to grant a new trial for inadequacy or excessiveness of the verdict.[2]
 
 
 7
 In the present case there has been no showing that the District Court committed an abuse of discretion in ordering a new trial because of the inadequacy of the verdict. Plaintiffs' three expert witnesses on damages showed estimates of $98,395, $87,014 and $85,000 respectively. Defendants' own expert witness testified that $35,750.50 would be required to restore the plaintiffs to their original property status. The jury returned a verdict in the amount of $25,000, or approximately $5.00 an acre, an amount even below the estimate of the defendants' expert witness. The defendants argue that the jury's verdict was probably based upon the fact that the plaintiffs, in a transaction among themselves, had used a valuation of $5.00 per acre. This apparently dealt with a special situation covering only 80 acres of timber. In view of the entire record, including the expert testimony, it was not arbitrary for the District Judge to reject such valuation as a basis for damages in this suit and to set aside the verdict as inadequate.
 
 II
 
 8
 Not only has a trial judge the power to order a new trial for inadequacy of a jury's verdict, but it lies within his discretion to grant a new trial on either "all or part of the issues * * * in an action in which there has been a trial by jury * * *." Rule 59(a) Fed.R. Civ.P. But a new trial on less than all of the issues is proper only where the issues to be retried are separate from the rest of the case. Atlantic Coast Line R. R. Co. v. Bennett, 251 F.2d 934, 938 (4th Cir., 1958).
 
 
 9
 In other instances, this court has held that issues of liability and damages may be separate. Mason v. Mathiasen Tanker Industries, Inc., 298 F.2d 28, 32-33 (4th Cir.), cert. denied, 371 U.S. 828, 83 S.Ct. 23, 9 L.Ed.2d 66 (1962). The issue of liability in this case was limited to the question whether the fire originated from the defendants' activities in the exercise of the easement. Once that was determined the remaining question of damages was, on the face of the matter, entirely independent. But the defendants maintain that in the situation presented the two issues are inextricably interwoven. They contend that the jury verdict was the product of an illegal compromise or of "jury bargaining"; that the jury did not really find liability; that rather, to secure a verdict, it lumped the liability and damages questions together and its members then entered into a compromise resulting in a low verdict against the defendants. Such jury practice is widely disapproved.[3] This court has held that when a verdict is the result of such a compromise retrial of both liability and damages is required.[4]
 
 
 10
 We think that there is no substantial indication that in the present case the jury's verdict was the result of a compromise of the liability and damages questions. Competing inferences are advanced by the parties. The defendants urge that the jury, unable to conclude the issue of liability in favor of the plaintiffs, rendered a compromise verdict. The plaintiffs offer another explanation, suggesting that the $25,000 verdict was not the result of any doubt of the defendants' liability, but was merely an inadequate assessment of damages by the application of an erroneous standard — the undue weight accorded the testimony as to the $5.00 per acre transaction. This serves to explain, without justifying, the verdict. We agree with the District Court's rejection of the surmise that the amount of this verdict was the product of a compromise to resolve doubt as to liability. The District Judge, reviewing the entire record, could conclude that the jury properly found the defendants to be liable but that the jury's verdict was too low to be sustained.
 
 
 11
 This is unlike the case of Schuerholz v. Roach, 58 F.2d 32 (4th Cir., 1932). There Judge Soper declared that the patently inadequate award of $625 for the loss of an eye gave "rise only to the inference that it [the award] did not represent a fair estimate of the plaintiff's loss, but merely a difference of opinion among the jurors as to the defendant's liability and a compromise of the controversy at the expense of both litigants." Id. 58 F.2d at 34. Nor is our case like Southern Ry. Co. v. Madden, 224 F.2d 320 (4th Cir., 1955), where the jury awarded only $5,000 to a plaintiff for the loss of one leg and a portion of his other foot and the court stated that "[t]he jury, manifestly, awarded plaintiff a small verdict out of sympathy for his suffering and without regard to the question of real liability." Id. 224 F.2d at 321. The situation in the present case is more like that in City of Richmond v. Atlantic Co., 273 F.2d 902 (4th Cir., 1960), where Judge Boreman stated that no compromise was shown by the fact that "[t]he amount claimed * * * was $502,389.22 and a verdict of $251,000.00 was returned by the jury." Id. 273 F.2d at 916.
 
 III
 
 12
 The final contention of the appellants is that the Judge's estimate is so excessive that it must be set aside. After considering the entire record, including the estimates of the expert witnesses who surveyed the damages, we conclude that the award by the District Judge of $60,000 is not clearly erroneous.
 
 The judgment of the District Court will be
 
 13
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Aetna Casualty & Surety Co. v. Yeatts, 122 F.2d 350, 354 (4th Cir., 1941); accord, City of Richmond v. Atlantic Co., 273 F.2d 902, 916 (4th Cir., 1960); see Rule 59(a), Fed.R.Civ.P
 
 
 [2]
 See Southern Ry. Co. v. Madden, 235 F. 2d 198 (4th Cir.), cert. denied, 352 U.S. 953, 77 S.Ct 328, 1 L.Ed.2d 244 (1956); Schuerholz v. Roach, 58 F.2d 32 (4th Cir.), cert. denied, 287 U.S. 623, 53 S.Ct. 78, 77 L.Ed. 541 (1932)
 
 
 [3]
 See 6 Moore's Federal Practice, § 59.06, p. 3762; 3 Barron and Holtzoff, Federal Practice and Procedure, § 1307, p. 386
 
 
 [4]
 Schuerholz v. Roach, 58 F.2d 32 (4th Cir., 1932); Southern Ry. Co. v. Madden, 224 F.2d 320 (4th Cir., 1955), 235 F.2d 198 (4th Cir.), cert. denied, 352 U.S. 953, 77 S.Ct. 328, 1 L.Ed.2d 244 (1956); see Mason v. Mathiasen Tanker Industries, Inc., 298 F.2d 28, 32-33 (4th Cir.), cert. denied, 371 U.S. 828, 83 S.Ct. 23, 9 L. Ed.2d 66 (1962)