Jenelyn **THORN** and Jenelyn Thorn, Ancillary Administratrix of the Estate of Merle E. Thorn, Appellee,

v.

**PARKLAND CHEVROLET COMPANY,** Inc., Appellant.

Jenelyn **THORN** and Jenelyn Thorn, Ancillary Administratrix of the Estate of Merle E. Thorn, Appellee,

v.

**GENERAL MOTORS CORPORATION,** Appellant.

**Nos. 13475, 13476.**

United States Court of Appeals
Fourth Circuit.

Sept. 23, 1969.

Landon Roberts, Asheville, N. C., on brief for appellant Parkland Chevrolet.

Harry DuMont and Uzzell & DuMont, Asheville, N. C., on brief for appellant General Motors.

Harold K. Bennett, Asheville, N. C., Thomas F. Ellis and William W. Taylor, Jr., Raleigh, N. C., on brief for appellee.

Before SOBELOFF, BOREMAN and BUTZNER, Circuit Judges.

PER CURIAM:

This North Carolina diversity action had its origin in an accident that occurred on the maiden voyage of Claude Bryant's brand new Chevy II. On his way home from the automobile dealer's

salesroom Mr. Bryant crashed into the rear of the car of Mr. and Mrs. Merle E. Thorn. Apparently the Chevy's brakes failed. The Thorns filed suit for personal injuries and property damage against Bryant, the owner and operator of the Chevy; Parkland Chevrolet, the dealer; and General Motors, the manufacturer of the automobile. After a lengthy trial in the Western District for North Carolina the jury returned a verdict exonerating Bryant and General Motors, but assessing liability against Parkland Chevrolet in the amount of $20,500.00. Judge Warlick, deeming the verdict inconsistent, set it aside and ordered a new trial as to all defendants on all issues. Bryant has not appealed, but Parkland and General Motors have done so. Parkland asserts that judgment n. o. v. should have been entered in its favor. General Motors argues that its motion for a directed verdict should have been granted or that the jury verdict in its favor should have been allowed to stand. We are called upon to decide whether the motion of appellee (Thorn) to dismiss the appeals should be granted.

We conclude that the appeals should be dismissed. The appellate jurisdiction of this court is limited to review of final judgments of the district courts, 28 U.S.C. § 1291, save for a few narrowly defined exceptions, not here present. It is well settled that the grant of a new trial is an interlocutory order and is not appealable. Atlantic Coast Line Railroad v. Sonenshine, 226 F.2d 220 (1955).

Furthermore, General Motors' suggestion, treated as a petition for "one of the extraordinary writs," must also be denied. The final judgment rule cannot be avoided by this expedient. Atlantic Coast Line Railroad v. Sonenshine, 226 F.2d 220, 221 (1955); Southern Ry. Co. v. Madden, 224 F.2d 320 (4th Cir. 1955).

Appeals dismissed and Petition denied.