December 18, 1981

No. SR-CV-188-81

OPINION AND ORDER

ELLA LOUISE BRYANT, et. al., v.

MARY I. BRYANT, Personal Representative
of the Estate of ALLISON BRYANT, Deceased., Defendant.

Honorable Harry D. Brown, Judge presiding.


The problem before the court is whether additional damages should be granted in a judgment following a jury verdict. This is a case where a nine year old young lady and a fourteen year old young man were killed in an automobile collision. The verdict of the jury awarded $25,000 for damages arising from the deaths of each child. That award is challenged as being inadequate on the grounds of inadequacy as compared with the jury's other awards ($25,000 for a leg injury to one survivor of the collision and $25,000 for a head injury sustained by another) and a failure of the jury to understand or accept the uncontradicted testimony of a witness who is an expert in the field of economic losses caused by an individual's death.

The standard to be applied to the motion is the same as that applied in situations where a party seeks a new trial. The party basing a motion on inadequate damages must not only show the damages were lower than is justified by the evidence presented in the case, but that the damages are unconscionably low, bear no reasonable relationship to the evidence and the verdict would work a clear injustice to the party. Schuerholz v. Roach, 58 F.2d 32 (4th Cir. 1932); Mc Figg, et.al., Civil Trial Manual p. 471 (ALI/ABA 1976).

This is a situation where there was a jury trial. It has always been understood that jurors will bring their experience, culture and community standards into the jury box. The plaintiffs complain that the jury disregarded or misunderstood the expert witness. While the court is unable to read the jurors' minds, if they indeed did not understand the expert witness, perhaps that is the fault of the witness and counsel. The plaintiffs had plenty of opportunity to get their points across through testimony, jury instructions and argument. But perhaps the jury did understand the expert witness and applied their community knowledge. Jurors in Navajo communities have a good understanding of the "value" of a child's life and they have the right as jurors to compensate on the basis of that understanding. Jurors take into account the Navajo culture, the economy of the reservation, the usual ages of marriage and many other things to value a life in terms of the loss caused others. In a case where damages were set by the court, the Blackfeet Tribal Court took just such factors into account in awarding damages in a similar situation. Fitzgerald v. Fitzgerald, 1 Tribal Court L. Rep. A-1 (1979).

The court is not satisfied the damages awarded were lower than is justified by the evidence presented in the case, and more importantly the court is not persuaded the damages were unconscionable. Given Navajo family life, culture and economic opportunities the jury was justified in reaching the conclusion it did. The damages bear a reasonable relationship to the evidence insofar as the jury accepted the evidence, and it determined the damages without restraint in the absence of a clear showing on the part of the plaintiffs the verdict could not reasonably have been reached. Likewise the court is not convinced the verdict returned will work a clear injustice to the plaintiffs.

The plaintiff's motion is not well taken because the court does not, of its own recollection of the evidence, feel the standards set forth above have been met. Further the factual matters highlighted by the plaintiffs are simply those standards. Overall, however, the court finds that the jury was in the better position to hear, sift and apply the evidence of damages using community standards and experience as a standard. That is what jury trials are all about.

Therefore, based upon the evidence and the standard for reviewing verdicts where they are claimed to be inadequate, the plaintiff's motion to increase damages or obtain a new trial is hereby DENIED.

The defendant's motion to quash the plaintiff's motion is mooted by this ruling, but it should be noted that a good many courts of the United States have held that one does not respond to a motion by making yet another motion to quash or deny the first motion. You simply oppose the motion. In this case the defendant sought to quash or deny on the basis of the nonmembership of the moving attorney in the Navajo bar. The better practice would have simply been to follow the recent legal trend by moving to disqualify the moving attorney. In any event, the defendant's motion is hereby DENIED.